494 So.2d 1290 (1986)
Randy GIPSON, Plaintiff-Appellant,
v.
YOSEMITE INSURANCE COMPANY, Defendant-Appellee.
No. 18,019-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1986.
*1291 Bruscato, Loomis & Street by Anthony J. Bruscato, Monroe, for plaintiff-appellant.
Law Office of Bennie Mac Farrar by Bennie Mac Farrar, Monroe, for defendant-appellee.
Before FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
Plaintiff appealed a judgment rendered in favor of defendant insurance company rejecting plaintiff's claim for property damage, penalties and attorney fees, under his automobile insurance policy. For the reasons hereinafter set forth, we reverse and render judgment in favor of plaintiff.
On March 27, 1985, Randy Gipson observed fire and smoke coming from the dashboard of his 1976 Pontiac Trans Am car. When it became practical the vehicle was towed to Twin City Pontiac of Monroe for inspection and repairs. It was determined that the fire resulted in burn damage from the front parking lights all the way through to the dash assembly, including the wires along the side of the engine. Total cost of repairs was $877.93.
In effect at the time of the described incident was an automobile insurance policy issued by Yosemite Insurance Company to Gipson providing coverage for the automobile against "direct and accidental loss." An exclusionary clause in the policy specified:
"We will not pay for ... damage due and confined to ... electrical breakdown or failure."
After the motor vehicle was examined, Coon, the service manager for Twin City Pontiac, wrote a note stating that he was unable to determine the cause of the apparent electrical short in the car. Therefore, relying upon the cited exclusionary clause, the insurance company denied coverage. This litigation ensued.
At the trial Coon reiterated his inability to determine the cause of the fire in the car, stating that it could have resulted from a shorted fuse, a shorted link wire, a shorted starter, or from a battery that overturned. He summarized: "I don't know if the fire started first and burned a wire or if a wire shorted and burned the harness."
Defendant did not present the testimony of anyone who inspected the damaged vehicle. Boltman, defendant's adjuster, asserted that he relied upon the notification by Coon that the car damage was due to an electrical short and that the damage was confined to the electric wires.
In oral reasons for judgment, the trial judge concluded that "Twin City Pontiac has caused all of the trouble itself. Twin City Pontiac in my opinion believes that the cause of the trouble of the damage was the wiring problem; and therefore I deny recovery."
Exclusionary clauses are strictly construed in favor of coverage. Sherwood v. Stein, 261 La. 358, 259 So.2d 876 (1972); Commercial Union Ins. Co. of New York v. Hardcastle, 188 So.2d 698 (La.App. 2d Cir.1966). It is the duty of the insurer to clearly express liability exclusions and limitations and the insurer has the burden of proving the applicability of a coverage exclusion. Hampton v. Lincoln National Life Ins. Co., 445 So.2d 110 (La.App. 2d Cir.1984).
The primary issue presented by this appeal is whether the defendant insurance company discharged its burden of proving that the damage to plaintiff's car was "due and confined to ... electrical breakdown or failure." See Witherwax v. Zurich Ins. Co., 315 So.2d 420 (La.App. 3d Cir.1975); Bezue v. Hartford Accident & Indemnity Co., 224 So.2d 76 (La.App. 1st Cir.1969).
According to Coon's testimony, the damage in this case was confined primarily to burned wires. Although there was minor smoke damage, it was not necessary to replace any of the interior plastic. A more serious factual question is whether the *1292 damage was due to an electrical failure. Despite the somewhat ambiguous note from Coon to defendant's adjuster, the testimony of the service manager at the trial is clear. He could not determine whether the electrical short preceded or was caused by the fire. Consequently, since this was the only evidence presented concerning the critical question at issue, we find that the trial judge was clearly wrong in his conclusion that the defendant insurance company discharged its burden of proving its policy did not provide coverage for this damage.
Since we find coverage under the policy, another issue presented is whether plaintiff should be awarded attorney fees and the 25% penalty under La.R.S. 22:658 for defendant's failure to pay the claim.
La.R.S. 22:658 is penal in nature and therefore must be strictly construed. Hart v. Allstate Insurance Company, 437 So.2d 823 (La.1983). The penalty and attorney fees are not assessed unless it is clearly shown that the insurer was arbitrary, capricious, and without probable cause in refusing to pay. McClain v. General Agents Ins. Co. of America, Inc., 438 So.2d 599 (La.App. 2d Cir.1983).
The statute is not applicable when the insurer has a reasonable basis to defend the claim. Rudloff v. Louisiana Health Services and Indemnity Co., 385 So.2d 767 (La.1980). The penalty and attorney fees may not be assessed merely because the insurer is the unsuccessful litigant in the lawsuit or is cast in judgment under the policy. Headrick v. Pennsylvania Millers Mutual Ins. Co., 257 La. 1101, 245 So.2d 324 (1971).
We hold defendant's failure to pay this claim was based on a good faith belief in the applicability of a policy exclusion and an award of penalty and attorney fees would be improper under the facts and circumstances of this case.
For the reasons explained, we reverse the trial court judgment and render judgment in favor of plaintiff, Randy Gipson, and against the defendant, Yosemite Insurance Company for the sum of $877.93, together with legal interest from judicial demand until paid. All court costs, including those in the trial court and on appeal, are assessed to defendant.