DOMENGEAUX, Judge.
Plaintiff, Warren J. Soileau, appeals from a ruling granting a motion for summary judgment in favor of defendants, Commercial Union Insurance Companies and Northern Assurance Company of America, dismissing plaintiff’s suit on the basis that it prescribed under the terms of the insurance policy as it was filed more than one year after the date of property damage.
Only one issue is presented for our review; whether or not there existed a genuine issue as to a material fact when the motion for summary judgment was granted.
FACTS
On December 10, 1983, a hailstorm caused damage to the roof of plaintiff-ap *1015 pellant Warren J. Soileau’s residence. Mr. Soileau did not discover the damage until almost a full year later, in late November, 1984. On December 3, 1984, Mr. Soileau contacted Mrs. Opal Fontenot, the local insurance claims representative for defendant Commercial Union Insurance Company, and reported the loss. Mr. Soileau contended in his affidavit that Mrs. Fontenot “assured him that the matter would be taken care of and he need only submit an estimate of the repair work” (p. 1, plaintiffs affidavit). Plaintiff argues that he was led to believe by Mrs. Fontenot that he would be receiving payment for his loss. In Mrs. Fontenot’s affidavit, she admitted to speaking to Mr. Soileau on December 4, 1984. However, she stated that she only indicated to him that his claim would be considered reported. She specifically denied that she represented to Mr. Soileau that there would be coverage for this claim or that he had complied with the policy terms.
The record does not indicate when plaintiff was officially denied coverage. However, suit was filed by plaintiff on June 28, 1985. The homeowner’s insurance policy covering Mr. Soileau’s property contained the following clause:
“No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.” (Policy p. 9, Cl. 8)
Defendants filed a pleading entitled “Defendant’s Motion for Summary Judgment and/or Peremptory Exception of Prescription.” The motion/exception and subsequently signed judgment are confusing as they incorporate language used by both of these mutually exclusive procedural devices. However, review of the record indicates that the judge granted a motion for summary judgment in favor of defendants based on the fact that plaintiff’s suit, under the terms of the insurance policy, had not been timely filed. Plaintiff has appealed this ruling.
MOTION FOR SUMMARY JUDGMENT
Plaintiff contends that the trial judge erred in granting the motion because there existed a genuine issue as to a material fact which was evident in the pleadings and affidavits. Contrary to Mrs. Fontenot’s affidavit, plaintiff claims that he was assured of coverage when Mrs. Fontenot told him that the matter would be taken care of. Plaintiff argues that the statements by the insurance company lulled him into believing he was covered and consequently prevented him from filing suit timely. Therefore, plaintiff contends that the equitable doctrine of contra non valentum[1] would have prevented his suit from prescribing.
Summary judgment should be granted only when it appears from the pleadings, depositions, admissions on file, answers to interrogatories and affidavits, considered in the light most favorable to the opposing party, that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of trial on the merits to resolve the disputed facts. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). “In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather only to determine whether or not there is a genuine issue of material fact.” Lachney v. Employers Casualty Co., 281 So.2d 761 (La.App. 3rd Cir.1973), at page 762.
In this instance, after reviewing the pleadings, affidavits and interrogatories) filed on behalf of both sides, it appears that there does exist a genuine factual dispute as to whether or not the insurance agent, Mrs. Fontenot, represented to Mr. Soileau that he was covered on the claim. If, as plaintiff argues, the agent did indicate he *1016 was covered and thus, was dissuaded from taking timely legal action, contra non va-lentum may be applicable in preventing plaintiff’s suit from prescribing. See Cox v. Southwestern Elec. Power Co., 348 So.2d 1252 (La.App. 2nd Cir.1977) and Blum v. Cherokee Insurance Co., 336 So.2d 894 (La.App. 4th Cir.1976).
It is not our role to determine the merits of plaintiffs argument of whether or not contra non valentum applied under the facts as given. The only issue before us is whether or not a genuine issue as to material fact existed. We conclude that there was a disputed factual issue, namely, what the insurance agent represented to the plaintiff. This fact is material to determine if contra non valentum applied to prevent plaintiff’s suit from prescribing.
For the foregoing reasons, the trial judge’s granting of defendant’s motion for summary judgment is reversed. The case is remanded for further proceedings. Costs of this appeal are assessed to the defendant, Commercial Union Insurance Companies and Northern Assurance Company of America. Costs at trial to await further disposition of this case.
REVERSED AND REMANDED.

. Contra non valentum agere nulla currit praes-criptio prohibits the running of prescription against one who was prevented from bringing suit in certain situations recognized in the jurisprudence. See Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979); Nathan v. Carter, 372 So.2d 560 (La.1979).