598 So.2d 1249 (1992)
James O. BEAZOR-WILLIAMS
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al.
No. 91-CA-1820.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
Robert L. Hackett, James E. Uschold, Oestreicher & Hackett, New Orleans, for plaintiff, appellant.
David E. Walle, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendants, appellees.
Before SCHOTT, C.J., and BYRNES and ARMSTRONG, JJ.
SCHOTT, Chief Judge.
This is a suit by an insured against his insurer and insurance agent for a burglary loss under a homeowners policy. The trial court dismissed the claim as prescribed and plaintiff has appealed claiming prescription had been interrupted, suspended, or waived by the company.
Plaintiff's loss occurred on December 31, 1980 and he filed the present suit on May 30, 1984. The trial judge referred the case to a commissioner pursuant to LSA-R.S. 13:1171 (now repealed) with the stipulation that the referral was for "Preliminary Matters Only". Defendant filed the peremptory exception of prescription. After a trial before the commissioner, he submitted a report and a recommendation that the exception be sustained and the suit dismissed. Plaintiff filed exceptions to the report and in due course the trial judge adopted the commissioner's report and recommended judgment.
Plaintiff's first two assignments are directed to the trial court's use of the commissioner procedure. By the first he contends that the referral for preliminary matters only was not authorized by R.S. 13:1171. He refers to the statutory language authorizing assignment of a case to a commissioner when the judge believes the case would take more than three days to try, and he argues that the purpose of the statute was to assist the trial judge with lengthy trials on the merits, not preliminary matters such as the trial of an exception.
While this position seems meritorious it falls for two reasons: first, plaintiff failed to make a timely objection to the procedure in the trial court; and second, this court rejected a similar argument in *1250 Boe v. Lake Forest Inc., 384 So.2d 850 (La.App. 4th Cir.1980), holding that the commissioner to whom a case is referred under R.S. 13:1171 has the authority to handle the matter as justice and the circumstances of the case require.
Plaintiff's other procedural objection is that the trial court failed to conduct a de novo review of the record before adopting the commissioner's recommendation. Here again the record does not show that plaintiff made a timely objection to this effect in the trial court. In addition, while there is no evidence in the record of a de novo review by the judge, neither is there anything in the record to show that such a review was not conducted. In the absence of evidence to the contrary, we must presume that the trial judge complied with the law and the decisions of this court and conducted a de novo review.
Plaintiff's other assignments are directed to the validity of the judgment sustaining the exception of prescription based upon the facts of the case. He argues that defendant's conduct in the handling of this claim misled him, the company acknowledged his claim, and it is estopped from pleading his claim prescribed. A review of the evidence is necessary to assess these claims.
Plaintiff filed a proof of loss on May 22, 1981. In July he revised and resubmitted it and on July 31, in a statement taken under oath by the insurer, he stated that many items had been stolen, but were not included on the proof of loss. In November the agent wrote to plaintiff telling him that his claim was awaiting his signature on the proof of loss. On December 11, plaintiff contacted the adjuster and requested assistance in the preparation of his proof of loss. On December 18, the insurer sent a letter to plaintiff containing the following:
Confirming our telephone conversation on December 11, 1981, we are unable to assist you in the preparation of your proof of loss. Further your claim will prescribe on December 31, 1981.
This is to advise you that the St. Paul will not waive any defenses it may have in this matter, and it will assert any defenses including but not limited to your failure to file an appropriate proof of loss as well as prescription.
On December 31, plaintiff submitted a final proof of loss. On February 19, 1982, the insurer notified plaintiff his claim was denied because it had prescribed.
Plaintiff's homeowners policy contained the standard fire insurance policy provisions mandated by R.S. 22:691 including a provision barring suit unless commenced within twelve months after the inception of the loss. This prescriptive period applies to a claim for a burglary loss under a homeowners policy. Grice v. Aetna Cas. & Sur. Co., 359 So.2d 1288 (La. 1978).
Plaintiff testified that he interpreted the insurer's letter of December 18 to mean that he had to file his proof of loss by December 31. He also stated that he thought he had to file suit within one year from the date the insurer denied the claim on February 19, 1982; but his attorney, Chadwick Pellerin, advised him he had ten years in which to file suit.
Plaintiff had just employed Ms. Pellerin in February after discharging his previous attorney. She testified that plaintiff gave her a copy of his policy, but it did not contain the page which includes the provisions governing the filing of suit. Consequently, she thought the general prescriptive period for a suit on a contract applied. She maintained this belief even though the insurance representatives consistently told her the claim had prescribed. She did not research the insurance code or the cases on the subject and never saw the pertinent page of the policy until June 1, 1983 when the insurer sent her a copy.
It is difficult to understand plaintiff's position. There is nothing in the facts to show that the insurer or the agent did anything to mislead him into believing that he met his obligation under the policy by simply filing a proof of loss within a year of the loss. His position is even weaker considering that he was represented by an attorney at that time. If his ignorance of *1251 the law and the terms of the policy can be excused that of the attorney cannot. Even so, as the trial court noted, even accepting plaintiff's belief that he could file suit within one year from the date his claim was denied, this would give him until February 20,1983, to file suit. But suit was not filed until May 30, 1984.
He testified unequivocally that he knew he had to file suit within a year of the February letter, but Ms. Pellerin was the reason he did not. Consequently, if we assume that prescription was somehow suspended because of the actions of the defendants, it began to run again in February 1982. The defendants did nothing thereafter to mislead plaintiff and his failure to file suit within a year was solely the result of Ms. Pellerin's conduct in handling the case. Working with an incomplete photostatic copy of the policy given to her by plaintiff she failed to obtain a complete copy of the policy or to conduct legal research which would have readily shown her the correct prescriptive period applicable to the claim.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.