665 So.2d 683 (1995)
Joe STEPHENS, Plaintiff-Appellant,
v.
AUDUBON INSURANCE COMPANY, et al., Defendants-Appellees.
No. 27,658-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
Writ Denied February 28, 1996.
*684 Arax T. Brumfield, Baton Rouge, for Appellant.
James Wesson Wyche, Shreveport, for Appellees, Audubon Insurance Company & United Casualty Insurance Company.
O'Neil J. Parenton, Jr., Donaldsonville, for Appellee, Security Industrial Insurance Company.
Before SEXTON, BROWN and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff, Joe Stephens, appeals from a summary judgment granted in favor of the defendant, United Casualty Insurance Company of America ("United"),[1] dismissing Stephens' suit to recover benefits for property loss on the basis that the suit was untimely filed under the terms of the insurance policy. We affirm.

FACTS
On December 31, 1982, at approximately 3:00 a.m., a fire destroyed Stephens' home at 2811 Frederick Street in Shreveport, Louisiana. Following an investigation, Stephens and an alleged co-conspirator were arrested and charged with arson with intent to defraud. Sometime thereafter, Stephens allegedly contacted United to discuss his claim but was advised that it would not be processed until he was cleared of the arson charges.
On June 21, 1983, Andrew Harrison, the alleged co-conspirator in the arson, gave the authorities a recorded statement implicating Stephens as the arsonist. Approximately six weeks later, Harrison was found dead with five gunshot wounds in his body. Subsequently, Stephens was convicted of second degree murder and sentenced to serve a lifesentence without benefit of parole, probation or suspension of sentence.
On June 25, 1986, because Stephens' murder conviction and sentence became final, the state dismissed the arson charges against him. On October 7, 1987, Stephens filed the instant suit. Subsequently, the trial court granted the defendant's motion for summary *685 judgment and dismissed Stephens' suit on the basis that his claim had prescribed.

DISCUSSION
Stephens alleges the trial court erred in granting United's motion for summary judgment. He claims a genuine issue of material fact exists regarding whether United's conduct constituted a waiver of the one-year limitation period for filing suits under the policy. In his opposition to the motion for summary judgment, Stephens argued that the one-year limitation period was suspended or interrupted.[2]
Summary judgment should be granted only when it appears from the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, considered in the light most favorable to the opposing party, that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Rhodes v. Executive Risk Consultants, Inc., 26,021 (La. App. 2d Cir. 8/17/94), 642 So.2d 269. The party seeking summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. Barnett v. Staats, 25,357 (La.App. 2d Cir. 1/19/94), 631 So.2d 84. The documents supporting the mover's position are to be closely scrutinized while the opposing documents are to be indulgently treated. Bradford v. Louisiana Downs, Inc., 606 So.2d 1370 (La.App. 2d Cir.1992). Any doubt must be resolved against the granting of summary judgment. Soileau v. Commercial Union Ins. Co., 520 So.2d 1014 (La.App. 3d Cir.1987).
Once the mover files sufficient documentation to support the motion for summary judgment, the burden shifts to the opposing party. If the mover shows that he is entitled to summary judgment as a matter of law, a factual issue immaterial to his position will not defeat summary judgment. Boone v. Ricks, 26,249 (La.App. 2d Cir. 10/26/94), 645 So.2d 228. Appellate courts review the granting of a summary judgment de novo under the same criteria governing the trial court's consideration of whether a summary judgment is appropriate. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La. 1992).
In the instant case, United met its burden by proving that Stephens failed to bring an action within one year after the date of loss as mandated by the insurance contract. The pertinent provision states: Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the loss. Stephens does not dispute the contractual limitation period applicable to his case. Instead, he opposed the motion by alleging that United waived the one-year limitation period. He introduced an affidavit in which he stated that United, without notifying him about the one-year limitation period, told him it would pay the claim if and when the criminal arson charges were dismissed and, thereby, led him to believe he had more than a year to take action. His statement in the affidavit is consistent with his petition in which he alleged that United advised him it would not process his claim until he was cleared of the arson charges. United did not contradict or deny making any of the alleged statements.
A review of the jurisprudence shows that an insurer's conduct can constitute an unintended waiver of its right to claim the benefit of a one-year limitation period for bringing a suit. See Blum v. Cherokee Insurance Company, 336 So.2d 894, 898 (La.App. 4th Cir.1976); Coliseum House, Inc. v. Brock, 442 So.2d 778 (La.App. 5th Cir.1983). However, the legislature has afforded some protection to insurers against unintended waivers, by stating that mere investigation or negotiation does not, by itself, waive the insurer's right to claim the benefit of an applicable policy provision. LSA-R.S. 22:651; Blum, supra at 897. Additionally, it is generally recognized that, unless an insurer couples an admission of liability along with other acts and conduct which reasonably induces the insured to believe *686 that his claim will be settled without suit, the insurer is not precluded from invoking an applicable limitation period in the policy. See Brocato v. Sun Underwriters Ins. Co. of N.Y., 53 So.2d 246 (La.1951); 29 A.L.R.2d 636. Further, "unless the insurer in some manner leads the insured to reasonably believe the time limitation has been waived while the claim is under consideration or in some other way acts so as to induce the insured to withhold suit, the suit must be filed within the prescribed period even if the claim is pending." Blum, supra at 898 (emphasis added). Such a limitation on bringing a suit is not a period within which the insurer must deny the claim, but rather one in which the insured must assert the claim judicially. Blum, supra at 898. "Each case must be decided on its own facts and circumstances," Blum, supra at 897.
In the instant case, after reviewing the pleadings, affidavits and other documents filed on behalf of the parties, viewed in the light most favorable to Stephens, we conclude that no genuine issue of material fact exists and United is entitled to judgment as a matter of law. Other than Stephens' unsupported allegation that United advised him his claim would be paid if and when arson charges were dismissed, Stephens did not allege or present any proof that United acted or conducted itself in such a way which reasonably induced him to believe that his claim would be settled without suit or that it would not require compliance with the one-year limitation period. Nothing suggests that United admitted liability, assured payment, requested additional time before he filed suit, intentionally delayed processing the claim beyond the limitation period, or continuously negotiated through most of the limitation period which might have held out a reasonable hope of amicable adjustment.
Further, we find Stephens' assertion that he should have been informed of the one-year limitation meritless. An insured is presumed to know the provisions of his policy. Matthews v. Business Men's Assur. Co. of America, 478 So.2d 634, 637 (La.App. 2d Cir.1985); Perkins v. Shelter Ins. Co., 540 So.2d 488 (La.App. 1st Cir.1989). The insurance policy constitutes the law between the parties and is enforced as written if the policy terms are clear and express the intent of the parties. Hartford Acc. & Indem. Co. v. Joe Dean Contractors, Inc., 584 So.2d 1226 (La.App. 2d Cir.1991). Thus, assuming that Stephens' allegations are true, we find that he failed to meet his opposing burden of proving that genuine issues of material facts which prevented summary judgment as a matter of law exist in this case. Accordingly, the trial court properly granted United's motion for summary judgment.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Joe Stephens.
AFFIRMED.
NOTES
[1] Stephens also named Audubon Insurance Company and Security Industrial Insurance Co. as defendants. Only United filed a motion for summary judgment.
[2] United argues that regardless of its conduct, prescription, under the terms of the insurance policy, accrued because Stephens did not file this suit until more than a year after the arson charges were dismissed.