| ¶WALTZER, Judge.
Defendant, Allstate Insurance Company, seeks review through supervisory jurisdiction of the trial court’s denial of its peremptory exception of prescription. Allstate argues that a prescriptive period of one year applies to Feltus’ claims under an *273 insurance policy issued by Allstate and insuring Feltus’ property against certain losses, including theft.[1]
FACTS
In the early days of August 1995, Feltus’ residence was burglarized. He filed a claim for the stolen property with Allstate. On 30 October 1995, Allstate notified Fel-tus that it denied coverage for the loss.
On 22 December 1998, Feltus filed suit against Allstate to recover for the property loss from the 1995 burglary. Allstate answered and excepted to the claims. Allstate urged a peremptory exception of prescription.
After hearing the exception, the trial court denied the exception. In its judgment, the trial court determined that “the subject policy reveals that the insured had one year to file his suit from the date of his loss, which was on or about August 4, 1995.” However, the trial court explained that the “plaintiff stated, without | ¡^equivocation, that he was not furnished with a copy of the policy and that his attempts to obtain one were unsuccessful.” Allstate seeks review of the denial of this exception.
DISCUSSION
The trial court determined that the insurance policy contained a requirement that all suits under this policy be filed within one year of the loss, August 1995. A policy insuring against property damage from numerous perils, including theft, may include a provision “barring suit unless commenced within twelve months after the inception of the loss.” Beazor-Williams v. St. Paul Fire and Marine Insurance Company, 91-1820 (La.App. 4 Cir. 4/30/92); 598 So.2d 1249, 1250, relying on Grice v. Aetna Casualty and Surety Company, 359 So.2d 1288, 1291 (La.1978). We find no reason to disturb this ruling of the trial court.
Applying a prescriptive period of one year, Feltus’ claim has prescribed on the face of the petition. When a claim has prescribed on the face of the petition, the party opposing the exception bears the burden of proving that the claim has not prescribed. Spott v. Otis Elevator Company, 601 So.2d 1355, 1361 (La.1992). Feltus bears the burden of proving that his claim under the insurance policy has not prescribed for whatever reason.
Plaintiff argues that Allstate repeatedly either neglected or refused to give him a copy of the insurance policy. However, Feltus offered no proof of his assertions. The trial court erred when it relied on the plaintiffs unsworn assertions in his arguments at the hearing on the exception.
IsCONCLUSION
For the above reasons, we grant relator’s writ application. However, in the interests of justice we deny the relief requested. We vacate the trial court’s judgment and remand this matter for further proceedings consistent with this opinion.
WRIT GRANTED, JUDGMENT VACATED, CASE REMANDED.
MURRAY, J., DISSENTS WITH REASONS.

. Although a certified copy of the insurance policy was admitted at the hearing on the exception, relators did not attach this exhibit to their writ application.