831 So.2d 381 (2002)
Everett MAURICE
v.
PRUDENTIAL INSURANCE COMPANY.
No. 2002-C-0993.
Court of Appeal of Louisiana, Fourth Circuit.
October 23, 2002.
*383 Peter J. Butler, Peter J. Butler, Jr., Jeffrey C. Vaughn, Breazeale, Sachse & Wilson, L.L.P., New Orleans, LA, for Defendant/Relator.
W.A. Forstall, Jr., Thomas M. Brahney, Forstall, Mura & Powers, L.L.P., and Robert M. Johnston, New Orleans, LA, for Plaintiff/Respondent.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III and Judge MICHAEL E, KIRBY).
WILLIAM H. BYRNES III, Chief Judge.
We grant defendant-relator, Prudential Property and Casualty Insurance Company's, application for a supervisory writ in order to review the trial court's denial of relator's motion for summary judgment. Defendant-relator asserts that plaintiff-respondent, Everett Maurice's, cause of action under his homeowner's insurance policy issued by the relator has prescribed and he is not entitled to bad faith damages, penalties and attorney's fees under La. R.S. 22:658 and La. R.S. 22:1220.
Appellate courts review summary judgment de novo, using the same criteria applied by the trial courts to determine whether the summary judgment is appropriate. Johnson v. State/University Hosp., XXXX-XXXX (La.App. 4 Cir. 1/16/02), 807 So.2d 367, 369; Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 c/w 99-2257, (La.2/29/2000), 755 So.2d 226, 230. The supporting documentation submitted by the parties should be scrutinized equally, and there is no longer any overriding presumption in favor of trial on the merits. Id., 755 So.2d at 231.
Plaintiff allegedly sustained property damage to his home as a result of a hailstorm, which occurred on January 23, 2000. On November 6, 2001, over one year and nine months later, plaintiff filed this litigation against the relator for that damage. Additionally, plaintiff also claims that he is entitled to bad faith damages, penalties and attorney's fees under La. R.S. 22:658 and La. R.S. 22:1220. The defendant-relator's motion for summary judgment alleged that the plaintiff's cause of action for damages prescribed and that plaintiff is not entitled to remedies under La. R.S. 22:658 and La. R.S. 22:1220. The trial court conducted a hearing on the motion on April 19, 2002, and orally denied defendant's motion. A written judgment was signed on May 10, 2002.
In the present case, the plaintiff's petition alleges damages "including but not limited to roof damage" sustained as a result of a hailstorm. Plaintiff's petition states that the hailstorm occurred on January 23, 2000, and there is no dispute as to that date. Plaintiff did not file his petition for damages until November 6, 2001, over one year and nine months later. Plaintiff's homeowner's policy issued by relator provides that: "No action can be brought unless ... the action is started within one year of the date of loss." An equivalent clause ("No suit or action ... shall be sustainable ... unless commenced within twelve months next after inception of the loss.[1]") was enforced by this Court in Blum v. Cherokee Insurance Company, 336 So.2d 894, 898 (La.App. 4 Cir.1976). *384 Such a provision is valid under La.-R.S. 22:629(3). Therefore, the cases cited by the plaintiff-respondent, We Sell Used Cars, Inc. v. United National Insurance Company, 30,671 (La.App. 2 Cir. 6/24/98), 715 So.2d 656 and Booth v. Fireman's Fund, 253 La. 521, 218 So.2d 580 (1968) do not support the plaintiff's argument against prescription because the insurance policies in those cases did not contain a provision requiring that litigation be commenced within one year. For example, in We Sell Used Cars the court specifically noted that: "United [the insurer] has not asserted any policy provision limiting an action by [the insured]." Id., p. 6, 715 So.2d at 659.
La. R.S. 22:651 provides that none of the following acts by an insurer,
... shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder:
(1) Acknowledgment of the receipt of notice of loss or claim under the policy.
(2) Furnishing forms for reporting a loss or claim, for giving information relative thereto, or for making proof of loss, or receiving or acknowledging receipt of any such forms or proofs completed or incompleted.
(3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim.
Citing this Court's decision in Blum, supra, the court in Stephens v. Audubon Ins. Co., 27,658 (La.App. 2 Cir. 12/6/95), 665 So.2d 683, granted the insurer's motion for summary judgment on the basis of prescription based on a policy provision requiring that the action be "started within one year after the loss," holding that such a provision is not waived by investigation or negotiation of the claim:
Additionally, it is generally recognized that, unless an insurer couples an admission of liability along with other acts and conduct which reasonably induces the insured to believe that his claim will be settled without suit, the insurer is not precluded from invoking an applicable limitation period in the policy.[2]
Stephens, supra, p. 3, 665 So.2d at 685-686. See also Feltus v. Allstate, 99-1153 (La.App. 4 Cir. 6/9/99), 737 So.2d 272 and Beazor-Williams v. St. Paul Fire & Marine, 598 So.2d 1249 (La.App. 4 Cir.1992).
Thus, the Stephens court sustained the insurer's motion for summary judgment based on prescription on the basis of the one-year limitation set forth in the policy, just as relator asks this court to do in the instant case. But more significantly, the Stephens court did so based on a standard of summary judgment review less favorable to the granting of summary judgment than that which exists today.[3]
On the face of the petition, plaintiff's claim is untimely. When the plaintiff's claim appears to be prescribed on the *385 face of the petition, the plaintiff bears the burden of proving that his claim has not prescribed. Spott v. Otis Elevator Company, 601 So.2d 1355 (La.1992). The trial court was clearly wrong when it stated that the mere filing of plaintiff's claim with his insurance company on January 15, 2001 was sufficient to interrupt prescription. Blum; Stephens; and La. R.S. 22:651. The filing of the claim by the plaintiff and the subsequent investigation of that claim by the defendant do not interrupt the one year limitation period provided by the policy and do not constitute a waiver by the defendant of that period.
Unless the insurer in some manner leads the insured to reasonably believe the time limitation has been waived while the claim is under consideration or in some other way acts so as to induce the insured to withhold suit, the suit must be filed within the prescribed period even if the claim is pending. Blum, supra at 898. Such a limitation on bringing a suit is not a period within which the insurer must deny the claim, but rather one in which the insured must assert the claim judicially. Blum, supra at 898. "Each case must be decided on its own facts and circumstances," Blum, supra, at 897. See also Stephens, supra, p. 4, 665 So.2d at 686.
The relator will not bear the burden of proof at trial. Therefore, the relator need show only that there is an absence of factual support for one or more elements essential to the plaintiff's claim. La. C.C.P. art. 966C(2). Once the relator has demonstrated this lack of factual support for an essential element of the plaintiff's case, the burden shifts to the plaintiff to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966C(2).
In the instant case, the relator has shown that the policy requires the plaintiff to institute legal proceedings within one year from the date of the loss. The plaintiff's petition shows on its face that it was filed well over one year after the date of the hailstorm, i.e., past the expiration of the legally permissible one-year policy limitation. Therefore, the burden shifts to the plaintiff to show why his claim should not be considered untimely.
The plaintiff relies on assertions that the filing and investigation of the claim interrupted the running of prescription and/or constituted a waiver by the respondent of the one-year limitation period found in the policy; and the plaintiff seeks to invoke the doctrine of contra non valentem, arguing that he only became aware of the damage some time after the hailstorm when he noticed water stains on his ceiling.
We have already shown earlier in this opinion that the mere filing and investigation of claim are not sufficient to interrupt prescription nor to constitute a waiver thereof. Where the filing of the action is untimely on its face, as it is in the instant case, the summary judgment burden is on the plaintiff to show what actions the respondent may have taken that constitute such a waiver. Plaintiff has offered no affidavits, depositions or documents showing any such actions on the part of the respondent. The only document offered by the plaintiff in opposition to the respondent's motion for summary judgment is an unsigned and unverified document[4] entitled "Estimate" on what appears to be a *386 form from an entity entitled "Community Claim Services, Inc." This document is not self-identifying, and even if it were, it is not self-explanatory. Even were this Court to accept this form at face value, it contains no evidence relevant to any issue in this case. When a motion for summary judgment is made and supported with affidavits and documents, as relator's motion was in the instant case, the adverse party may not rest merely on the allegations or denials contained in the pleadings. Poydras Square Associates v. Suzette's Artique, 614 So.2d 131, 132 (La.App. 4 Cir. 1993). Arguments and allegations are not evidence. Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. Attardo v. Salvador, 96-1170 (La.App. 4 Cir. 2/5/97); 688 So.2d 1296.
For the same reason, the plaintiff's attempt to invoke the doctrine of contra non valentem is unsustainable. The burden is on the plaintiff to show what prevented him from filing suit on a timely basis if he wishes to successfully argue contra non valentem. The only evidence offered by the plaintiff in opposition to relator's motion for summary judgment, the "Estimate" described in the immediately preceeding paragraph, has no bearing on this issue. Plaintiff offered no evidence that would tend to support a contra non valentem argument.
On the other hand, the relator offered the affidavits of its claims adjuster, John Hawkins, and Earl Penton, a claims adjuster for Huey T. Littleton Claims Service of New Orleans, Inc. These affidavits *387 establish that the relator took no actions that could either constitute a waiver of the one-year limitation or that would support plaintiff's contra non valentem argument. In fact, the relator's adjusters testified via affidavits that they made no statements to the plaintiff concerning payment of the claim. Relator's adjusters specifically denied doing or saying anything that would cause plaintiff to believe that his claim would be paid. Plaintiff has not produced any countervailing affidavits to refute the testimony of the defendant's adjusters.
Actually, the affidavits of relator's adjusters were not even necessary to the relator's case. Once the relator showed that the plaintiff's petition was untimely on its face, the burden shifted to the plaintiff. Once the burden shifted, the relator could rest until the plaintiff produced competent countervailing evidence, which he failed to do.
The relator also argues that the plaintiff is not entitled to remedies under La. R.S. 22:658 and La. R.S. 22:1220.
La. R.S. 22:658 provides, inter alia:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
* * *
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
(4) All insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1), or within thirty days after written agreement or settlement as provided in R.S. 22:658(A)(2) when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.
La. R.S. 22:1220, cited in section 658, provides in relevant part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall *388 be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
* * *
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
These statutes are penal in nature, and therefore must be strictly construed. Hart v. Allstate, 437 So.2d 823 (La.1983). Penalties and attorney fees are not assessed unless it is clearly shown that the insurer was in fact arbitrary, capricious, and without probable cause in refusing to pay. Gipson v. Yosemite Ins. Co., 494 So.2d 1290, 1292 (La.App. 2 Cir.1986); McClain v. General Agents Ins. Co. of America, 438 So.2d 599 (La.App. 2 Cir. 1983).
To prevail under La. R.S. 22:658 A(3), a claimant must demonstrate that the insurer failed to initiate loss adjustment of a property damage claim within 14 days of notification of the loss by the claimant. This provision requires an insurer to take some substantive and affirmative step to accumulate the facts that are necessary to evaluate the claim. McClendon v. Economy Fire & Cas. Ins. Co., 98-1537 (La.App. 3 Cir. 4/7/99), 732 So.2d 727.
To prevail under La. R.S. 22:658 B(1), the claimant must establish that the insurer received satisfactory proof of loss, failed to pay the claim within the applicable statutory period, and that the failure to timely tender a reasonable amount was arbitrary and capricious. Khaled v. Windham, 94-2171, p. 9 (La.App. 1 Cir. 6/23/95), 657 So.2d 672, 679. Satisfactory proof of loss within the meaning of the statute is that which is sufficient to fully apprise the insurer of the insured's claim. McDill v. Utica Mutual Ins. Co., 475 So.2d 1085, 1089 (La.1985).
Moreover, the statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and was acting in good-faith reliance on that defense. Gipson v. Yosemite Ins. Co., supra; Henton v. Walker & Wells Contractors, Inc., 25,821 (La.App. 2 Cir. 5/4/94), 637 So.2d 672, 677. This is especially true where there is a reasonable and legitimate question as to the extent and causation of a claim; bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist. Fontana v. Louisiana Sheriffs' Automobile Risk Program, 96-2752 (La.App. 1 Cir. 6/20/97), 697 So.2d 1037, 1040; Patin v. Imperial Lloyds Ins. Co., 95-841, p. 11 (La.App. 3 Cir. 1/17/96), 670 So.2d 238, 244. See also Block v. St. Paul Fire & Marine Ins. Co., 32-306 (La.App. 2 Cir. 9/22/99), 742 So.2d 746.
In the case at bar, the plaintiff has not met his burden under La. R.S. 22:658 and La. R.S. 22:1220. The affidavits presented by the defendant establish that the plaintiff filed his claim with the defendant on January 15, 2001. The defendant assigned *389 the claim to Earl Penton for investigation on January 17, 2001. Mr. Penton examined plaintiff's roof on January 20, 2001. Penton submitted his report to defendant on January 29, 2001, concluding that the roof had lost its integrity prior to the hailstorm of January 23, 2000 and the damages to the roof were not caused by the hailstorm. On January 30, 2001, the defendant sent plaintiff a letter notifying him that the claim had been denied. The defendant clearly acted within the statutory deadlines and denied the claim after determining that the roof had not been damaged by the hailstorm. As plaintiff has not produced any competent evidence to contradict the defendant's affidavits, he has not met his burden of proof.
Moreover, the relator had good cause for not paying the claim for an additional reason once the one-year limitation elapsed without any legal action on plaintiff's part.
For the foregoing reasons, the judgment of the trial court is reversed and judgment is hereby rendered in favor of the defendant-relator, Prudential Insurance Company, and against the plaintiff-respondent, Everett Maurice, dismissing plaintiff-respondent's claim with prejudice at plaintiff's cost.
REVERSED AND RENDERED.
McKAY, J., dissents with reasons.
MURRAY, J., concurs.
McKAY, J., dissents with reasons.
I respectfully dissent from the majority's decision to grant this writ. and would affirm the trial court's denial of the relator's motion for summary judgment. My dissent is based on the Firth Circuit's decision in DeGeorge v. Allstate Ins. Co., 631 So.2d 1257 (La.App. 5 Cir. 1994). As such, I do not believe that the cause of action of the plaintiff in the instant case accrued until the claim was denied by the insurer. Therefore, the plaintiff's action has not prescribed.
NOTES
[1] Emphasis added.
[2] DeGeorge v. Allstate Ins. Co., 93-612 (La. App. 5 Cir. 1/25/1257), 631 So.2d 1257 appears to be in conflict with the result reached by this Court in the instant case and with the authorities cited herein. We leave it to the Supreme court to resolve this apparent conflict between the circuits.
[3] Stephens employed a standard in which:

"The documents supporting the mover's position are to be closely scrutinized while the opposing documents are to be indulgently treated."
Id., p. 2, 665 So.2d at 685.
The Stephens court did not favor summary judgment procedure as it would now be required to do. LSA-C.C.P. art. 966(A)(2); Independent Fire Ins. Co., supra.
For how the new standards favor judgment see Johnson v. State/University Hosp., supra, and Independent Fire Ins. Co., supra.
[4] Unverified documents are the bane of summary judgment practice. As was so well expressed in Premier Restaurants, Inc. v. Kenner Plaza Center, L.L.C., No. 99-1310 (La.App. 5 Cir. 8/29/00), 767 So.2d 927:

A document which is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact. Herod v. American Service Life Ins. Co., 554 So.2d 783 (La.App. 5 Cir.1989). An unsworn and unverified document is insufficient. Parker v. Sears, Roebuck & Co., 418 So.2d 1361, 1364 (La.App. 2 Cir.1982); Continental Casualty Co. v. McClure, 313 So.2d 260, 262 (La.App. 4th Cir.1975). Thus, statements made in letters rather than by affidavits have no evidentiary value. See Powers v. Tucker, 29,190 (La.App. 2 Cir. 2/26/97), 690 So.2d 922, 926.
Here, the motion for summary judgment on liability was supported by the attachment of an uncertified copy of the lease and unsworn, uncertified copies of letters from attorneys. Those letters do not on their face establish that the attorneys were either representing Premier Restaurants or directing the letters to Kenner Plaza. Even considering that Kenner Plaza does not dispute that the copy of the lease attached to the motions is correct, in our view the attachments are insufficient to establish plaintiff's burden of proving not only that there was a valid lease but also that the lease was breached. Without the appropriate supporting documentation, the mover cannot be said to be entitled to summary judgment. Further, any inadequacy of defendant's opposition is moot because the mover, plaintiff, failed to carry its initial burden of showing it could establish these matters.
Unless the motion has been made and supported by affidavits, together with sworn or certified copies of all papers or documents referred to, or depositions or answers to interrogatories, La. C.C.P. art. 967 does not shift the burden to the adverse party to set forth specific facts showing that there is a genuine issue for trial.
Murphy v. L & L Marine Transp., Inc., 97-33 (La.App. 5 Cir. 5/28/97), 695 So.2d 1045, 1048. Therefore, the opponents of the motion for summary judgment need not present any opposition evidence in order to defeat the motion. Kennington v. H. Blume Johnson, Inc., 94-0744 (La.7/1/94), 638 So.2d 1066, 1067.
Unless admitted without objection by the opposing party, documents are not self-proving or self-identifying on motion for summary judgment any more than they would be at a trial on the merits. We note that all of the relator's documentation is either in affidavit form (see the affidavits of Hawkins and Penton), or properly verified (see the insurance policy), or identified by affidavit (see the January 30, 2001 letter identified by the affidavit of John Hawkins).