ARMSTRONG, C.J.,
Concurring.
Li respectfully concur. However, in reading the record I do not see that the trial court prevented the plaintiff-appellant, Mr. Reuther, from calling witnesses or presenting evidence. The trial judge stated:
You can’t argue. Sit down. Just have a seat. Under local rules you’re supposed to file a memo in opposition within eight days. You didn’t do it. You forfeit your right to argue, to oral argument, which ■is what you were starting to do.
The trial judge unquestionably was alluding to Rules for Civil (Except for Family, Juvenile or Domestic Relations) Proceedings in District Courts — Rule 9.9 which states in pertinent part that:
(b) A party who opposes an exception or motion must concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing....
[[Image here]]
(d) Parties who fail to, comply with paragraphs (a) and (b) of this rule may forfeit the privilege of oral argument.
As quoted above, Rule 9.9(d) states that the party who fails to file1 an opposition eight days in advance of the' hearing may forfeit the right to oral argument — it does not state that the party forfeits the right to call witnesses or present evidence. Therefore, while Rule 9.9 might empower the trial court |¡>to prevent a party from arguing, it does hot provide the trial court with - authority to prevent a party from presenting such evidence as is contemplated under La. C.C.P. art. 225 calling for a trial of a. constructive contempt charge. I note that at one point in-addressing counsel -for the ■ plaintiff, the trial: court stated that': ‘You could have called witnesses here.” I believe that based on the record the trial court should be presumed to have limited its -ruling to denying the plaintiff the right to oral argument. Argument is not evidence. Maurice v. Prudential Ins. Co., 02-0993, p. 7 (La.App. 4 Cir. 10/23/02), 831 So.2d 381, 386.
Additionally, I note that while ’the plaintiff argues in his brief to this Court that he was prevented from offering any evidence, he does not say what evidence he might have offered had be had the chance to do so or what he sought to .prove thereby, i.e., he makes no showing or argument of-prejudice.
However, I am compelled to agree with the result reached by the majority on other grounds, and, therefore, -respectfully concur.