# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31008

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2019

Lyle W. Cayce
Clerk

NAZ, L.L.C.,

      Plaintiff - Appellant

v.

UNITED NATIONAL INSURANCE COMPANY,

      Defendant - Appellee

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-5697

---

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant NAZ, L.L.C. ("NAZ") is the owner of a medical facility and is itself owned by Dr. Morteza Shamsnia ("Dr. Shamsnia") and Simin Mirtaheri. In December 2014, Defendant-Appellee United National Insurance Company ("UNIC") issued an insurance policy to NAZ covering its medical facility.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31008

## I. FACTS AND PROCEEDINGS

On January 15, 2015, NAZ's medical facility sustained water damage during a thunderstorm. NAZ filed an insurance claim with UNIC on December 17, 2015 for the water damage. NAZ had made repairs to the medical facility before filing that claim. UNIC's local adjuster first met with Dr. Shamsnia in January 2016. On February 3, 2016, UNIC sent the first of several Reservation of Rights ("ROR") letters to NAZ and requested complete records of the damage and repairs.[1] On March 25, 2016, after meeting with Dr. Shamsnia, the local adjuster recommended denial of the claim because the damage to the roof, which caused the water damage to the facility, was not covered by the policy. He also recommended as a precaution that an engineer inspect the facility in case litigation should ensue.

UNIC sent several letters to NAZ requesting records of the repairs, photos of the damage, and any documentation supporting NAZ's claim.[2] The local adjuster attempted to schedule an inspection with an engineer but was unable to do so. On June 5, 2016, more than four months after UNIC's first letter, and again on August 11, 2016, Dr. Shamsnia sent UNIC some photos of the damage.

UNIC sent a second ROR letter to NAZ on August 30, 2016. UNIC sent a third ROR letter to NAZ on September 23, 2016, and included a proof of loss claim form. The local adjuster met with Dr. Shamsnia on November 28, 2016 to complete the proof of loss claim form. UNIC sent a final ROR letter to NAZ on December 7, 2016, and rejected NAZ's proof of loss "because [Dr. Shamsnia]

---

[1] A reservation of rights letter notifies the insured that the policy may not cover a stated claim.

[2] UNIC sent letters on February 3, 2016, March 3, 2016, April 7, 2016, May 3, 2016, May 6, 2016, June 15, 2016, July 21, 2016, August 30, 2016, September 23, 2016, October 21, 2016, and November 18, 2016.

ha[d] not provided documentation to support [the] damages and because [the] investigation of this claim [wa]s ongoing." NAZ wrote to UNIC on December 28, 2016, acknowledging receipt of the letter denying the proof of loss form but stating that it was "looking forward to an amicable resolution" of the claim.

NAZ filed suit against UNIC on April 20, 2017.[3] NAZ alleged that UNIC had breached (1) the insurance contract and (2) its duty of good faith and fair dealing. In August 2018, the district court granted UNIC's summary judgment motion and dismissed NAZ's claims.[4] The district court ruled that NAZ's breach of contract claim had (1) prescribed and (2) did "not create[] a material issue of fact as to the waiver of the limitation period of its policy with UNIC" because "[n]o reasonable insured would be lulled into inaction by [UNIC's] communications."[5] On NAZ's breach of duty claim, the district court ruled that UNIC did not breach its duty because (1) it had no duty to inform NAZ about the limitation period contained in the policy and (2) "no reasonable juror could find that [UNIC] acted arbitrarily, capriciously, or without probable cause in refusing payment" of the claim.[6] NAZ now appeals the grant of summary judgment.

## II. STANDARD OF REVIEW

We review a summary judgment *de novo* and apply the same standard as the district court.[7] Summary judgment is proper under Federal Rule of Civil Procedure 56, "if the movant shows that there is no genuine dispute as to any

---

[3] Many of the dates alleged in the complaint are different from the dates alleged in NAZ's brief.

[4] *NAZ, L.L.C. v. United Nat'l Ins. Co.*, No. 17-5697, 2018 WL 3997299, at *5 (E.D. La. Aug. 21, 2018).

[5] *Id.* at *3.

[6] *Id.* at *4.

[7] *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 416 (5th Cir. 2006)).

material fact and the movant is entitled to judgment as a matter of law."[8] If the moving party meets that burden, the non-moving party must show the existence of a genuine issue for trial,[9] and the evidence and the inferences must be viewed in the light most favorable to the non-movant.[10] Conclusional allegations, unsubstantiated assertions, or a mere "scintilla" of evidence is not sufficient to defeat summary judgment.[11]

## III. ANALYSIS

### A. Breach of Contract

The UNIC insurance policy issued to NAZ includes the following limitation provision: "No one may bring a legal action against us . . . unless . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." "[T]he contents of the policy constitute the law between the parties, which will be enforced as written if the terms are clear and express the intent of the parties."[12]

The property damage occurred on January 15, 2015; but NAZ did not file suit until April 20, 2017, so NAZ's claim is facially prescribed. The burden thus shifts to NAZ to demonstrate that the claim is not prescribed.[13] NAZ asserts that UNIC waived the limitation period.

An insurer waives a limitation period if its "overall actions" lead the insured "to reasonably believe the insurer w[ill] not require compliance with the policy provision that suit must be filed within [the limitation period]."[14] "The insurer cannot hold out the hope of an amicable adjustment of the loss,

---

[8] Fed. R. Civ. P. 56(a).

[9] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986).

[10] *FDIC v. Dawson*, 4 F.3d 1303, 1306 (5th Cir. 1993).

[11] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

[12] *Estate of DeGraauw v. Travelers Ins. Co.*, 06-547, p.6 (La. App. 3 Cir. 9/27/06); 940 So.2d 858, 863.

[13] *Estate of DeGraauw*, 06-547, p.6; 940 So.2d at 863.

[14] *Blum v. Cherokee Ins. Co.*, 336 So.2d 894, 897 (La. App. 4 Cir. 1976).

and thus delay the action of the insured, and then plead the delay, caused by his own conduct, as a defense to the action when brought."[15] Using fact-intensive analyses, courts have found no evidence of waiver when

> there was no admission or recognition of liability, no assurance of payment, no late request for additional information or for time to investigate the claim further, no intentional delay of adjustment beyond the limitation period, and no prolonged or continuous negotiations, lasting through most of the limitation period, which might tend to hold out a reasonable hope of amicable adjustment.[16]

Louisiana law states that "[m]ere investigation of a claim or loss does not constitute conduct which may be taken as a waiver of a policy provision."[17] Rather, "[u]nless the insurer . . . leads the insured to reasonably believe the time limitation has been waived while the claim is under consideration . . . the suit must be filed within the prescribed period even if the claim is pending."[18]

NAZ contends that a jury could conclude that UNIC deceived NAZ regarding the limitation period. NAZ asserts that UNIC (1) communicated continuously with NAZ throughout the limitation period, (2) made late requests for additional information, (3) withheld information about the limitation period, and (4) intentionally delayed adjustment of the claim.[19] NAZ maintains that these actions induced it to "hold out a reasonable hope of amicable adjustment" of its claim.[20]

---

[15] *Brocato v. Sun Underwriters Ins. Co. of N.Y.*, 53 So.2d 246, 249 (La. 1951).

[16] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1288 (5th Cir. 1990) (citing *Blum*, 366 So.2d at 898, 900).

[17] *Id.* at 1287; La. R.S. § 22:879.

[18] *Maurice v. Prudential Ins. Co.*, 02-993, p.4–5 (La. App. 4 Cir. 10/23/02); 831 So.2d 381, 385.

[19] *See Washington*, 901 F.2d at 1288.

[20] *Blum*, 336 So.2d at 898.

No. 18-31008

This case "must be decided on its own facts and circumstances."[21] First, UNIC did communicate with Dr. Shamsnia throughout the limitation period. That communication, however, demonstrates that it was not reasonable for NAZ to believe its claim would be resolved without a lawsuit because (1) UNIC repeatedly reserved its rights in the ROR letters, (2) UNIC rejected NAZ's proof of loss, and (3) the parties discussed the possibility of litigation. Additionally, at no time did UNIC admit liability or assure payment.

Second, UNIC continued the investigation and repeatedly requested documentation because NAZ failed to provide consistent information sufficient to adjust the claim. Third, UNIC was under no obligation to advise NAZ of the limitation provision contained in the insurance policy. Louisiana courts have repeatedly held that insurers do not have a responsibility to inform their insureds of time limitations contained in their policies because "insured[s] [are] presumed to know the contents of [their] polic[ies]."[22] "An insured cannot . . . avoid a limitations provision on the grounds of not having been advised of its existence by the insurer."[23]

Finally, UNIC did not intentionally delay adjustment of the claim because it was waiting for NAZ to submit necessary documentation regarding the damage and repairs. Neither was Dr. Shamsnia's alleged subjective belief that the claim could be amicably resolved reasonable because, by December 2016, UNIC had denied NAZ's proof of loss and discussed potential litigation.

---

[21] *Id.* at 897.

[22] *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 12-1686, p. 27 (La. App. 4 Cir. 6/5/13); 118 So.3d 1203, 1222.

[23] *Id.* (quoting Allan Windt, Insurance Claims & Disputes, Representation of Insurance Companies and Insureds, § 9.5 (5th ed. 2007)); *see also Bennett v. State Farm Ins. Co.*, 03-1195, p.11–12 (La. App. 3 Cir. 3/24/04); 869 So.2d 321, 329 (holding that the insurer did not mislead the insured about the prescriptive period by failing to discuss it).

No. 18-31008

In summary, at no time during the pendency of the claim did UNIC (1) admit or recognize liability or debt or (2) provide assurance of payment or make an unconditional offer of payment. Neither were there prolonged or continuous negotiations.[24] UNIC made no acts of reparation or indemnity,[25] and the parties discussed the possibility of litigating the claim. On these facts, UNIC did not waive the limitation period, and it was not reasonable for NAZ to believe that UNIC would not require compliance with the policy limitations.

*B. Breach of Duty*

Under Louisiana law, "[a]n insurer . . . owes to his insured a duty of good faith and fair dealing."[26] Louisiana Revised Statute § 22:1973(A) states that "[t]he insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."[27] Subsection B states that an insurer breaches its duties if it knowingly:

> (1) Misrepresent[s] pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> . . . .

---

[24] *Washington*, 901 F.2d at 1288 (citing *Blum*, 336 So.2d at 898, 900). In fact, there is no evidence of any negotiations or settlement offers. Louisiana courts and this court have emphasized that negotiations and settlement offers are important factors when evaluating waiver of a limitation period. *Compare Brocato*, 53 So.2d at 506 (finding that the insurer waived the limitation period and emphasizing "prolonged negotiations . . . and offers of settlement"), *and Richardson v. La. Farm Bureau Mut. Ins. Co.*, 393 So.2d 200, 203 (La. App. 1 Cir. 1980) (finding that prescription was interrupted by compromise agreement between the insurer and the insured), *with Washington*, 901 F.2d at 1288 (finding that insurer did not waive the limitation period and emphasizing that "the parties reached neither a settlement nor a compromise; indeed, the parties never even negotiated").

[25] *Bennett*, 03-1195, p.11; 869 So.2d at 329 (citing *Lima v. Schmidt*, 595 So.2d 624, 634 (La. 1992)).

[26] La. R.S. § 22:1973(A).

[27] *Id.*

No. 18-31008

(4) Mislead[s] a claimant as to the applicable prescriptive period.

(5) Fail[s] to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Fail[s] to pay claims pursuant to R.S. 22:1983 when such failure is arbitrary, capricious, or without probable cause.[28]

This list is not exhaustive, and Subsection A provides an independent cause of action.[29] Additionally, under Revised Statute § 22:1892, an insured has a cause of action for penalties if it can "show that (1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause."[30]

The Louisiana Supreme Court has held that "'arbitrary, capricious, or without probable cause' . . . means 'unjustified, without reasonable or probable cause or excuse.'"[31] A finding of bad faith is based on the facts known to the insurer at the time. The court

> has declined to assess [statutory] penalties "when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." . . . [E]specially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists.[32]

---

[28] *Id.* § 22:1973(B).

[29] *Kelly v. State Farm Fire & Cas. Co.*, 14-921, p. 16 (La. 5/5/15); 169 So.3d 328, 338.

[30] *Guillory v. Lee*, 09-75, p. 30 (La. 6/26/09); 16 So.3d 1104, 1126.

[31] *Id.* at p.31; 16 So.3d at 1127.

[32] *Id.* at p.32; 16 So.3d at 1127 (quoting *La. Bag Co. v. Audubon Indem. Co.*, 08-453, p. 14 (La. 12/2/08); 999 So.2d 1104, 1114); *Maurice*, 02-993, at p.10; 831 So.2d at 388.

"[T]he question of arbitrary and capricious behavior is essentially a factual issue, and the trial court's finding should not be disturbed on appeal absent manifest error."[33]

UNIC's failure to mention the limitation period contained in the policy does not constitute a breach of its duty. As stated above, insurers do not have a duty to inform insureds of limitation provisions set forth in insurance policies.[34]

NAZ alleges that UNIC breached its duties under Revised Statutes §§ 22:1973(A), (B), and 1892 because it failed to (1) conduct a thorough investigation and (2) fairly and promptly adjust and pay NAZ's claim. The standard for failure to pay a claim under both §§ 22:1973(B) and 1892 is arbitrary, capricious, or without probable cause. An insurer's failure to pay does not meet this standard when the insurer has a reasonable basis to defend against the claim.[35]

The district court did not commit manifest error by concluding that UNIC did not act in bad faith because, based on the cause of the damages, UNIC had legitimate concerns about whether NAZ's claim was covered. It is particularly relevant that on several occasions Dr. Shamsnia altered his report of the cause of the damage, at first stating that the damage was caused by a thunderstorm and later claiming that it was caused either by faulty installation or by repair of an MRI machine.

---

[33] *Guillory*, 09-75, at p.32; 16 So.3d at 1127.

[34] *See Bennett*, 03-1195, p.11–12; 869 So.2d at 329 (holding that the insurer did not mislead the insured about the prescriptive period by failing to discuss it).

[35] Section 1973(A), which establishes the cause of action for the breach of the duty of good faith and fair dealing, does not explicitly state a separate standard, and the district court and parties operated under the assumption that the arbitrary and capricious standard applies. *NAZ*, 2018 WL 3997299, at *4. Any possibility that the factors used by the Louisiana Supreme Court in *Kelly v. State Farm Fire & Casualty Co.* should be applied instead of the arbitrary and capricious standard was not addressed by the parties or the district court. 14-921, p. 16 (La. 5/5/15); 169 So.3d 328. Therefore, such an argument was waived on appeal.

No. 18-31008

### III. CONCLUSION

NAZ's breach of contract claim is facially prescribed, and UNIC did not waive the contractual limitation period. The district court did not err by granting summary judgment and dismissing NAZ's breach of contract claim.

UNIC did not act in bad faith because it had a reasonable basis to defend against NAZ's claim, particularly as to causation. The district court did not err by granting summary judgment and dismissing NAZ's breach of duty claim. AFFIRMED.