843 So.2d 1154 (2003)
STATE of Louisiana, o/b/o Lisa Brinson DILLASHAW
v.
Casey Joe BRINSON.
No. 2002 CA 0896.
Court of Appeal of Louisiana, First Circuit.
April 2, 2003.
Tony G. Sanders, Covington, Counsel for Plaintiff/Appellee State of Louisiana, o/b/o Lisa Brinson Dillashaw.
James E. Moorman, III, Covington, Counsel for Defendant/Appellant Casey Joe Brinson.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
In this action to rescind a tax dependency deduction, the appellant, Casey Joe Brinson, appeals the trial court's judgment granting appellee's, State of Louisiana o/b/o Lisa Brinson Dillashaw (State), Motion *1155 to Rescind Income Tax Deduction and awarding the deduction for both children to Lisa Brinson Dillashaw. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Casey Joe Brinson and Lisa Brinson Dillashaw were previously married and were domiciled in the parish of St. Tammany, State of Louisiana. During the marriage, two children were born, Aleigha and Brooke Brinson. On February 12, 1996, Mr. Brinson and Ms. Dillashaw entered into a consent judgment. Pursuant to this judgment, the parties were awarded joint custody of their two children, with Ms. Dillashaw designated as the domiciliary parent, Mr. Brinson was ordered to pay child support in the amount of $900 per month, and Mr. Brinson was awarded the right to claim the state and federal income tax deduction for Aleigha. Thereafter, on October 9, 1996, a judgment of divorce was entered.
Ms. Dillashaw subsequently moved to Florida and instituted proceedings in that state for Mr. Brinson's failure to pay child support. On February 4, 2000, the State filed a petition to register a foreign support order for enforcement and a rule to show cause for contempt. Additionally, on March 30, 2000, the State filed a UIFSA order to show cause. In response, on May 11, 2000, Mr. Brinson filed a motion to recognize exclusive jurisdiction, motion to transfer, and rule for reduction in child support. Following a hearing on May 25, 2000, the hearing officer modified Mr. Brinson's child support obligation, deviating from the child support guidelines because of an ill child in Mr. Brinson's home. Pursuant to this judgment, Mr. Brinson was ordered to pay $778 per month plus an additional $75 per month towards his arrearages. No appeal was taken from this judgment and the judgment became final on June 13, 2000.
On January 16, 2001, the State filed a Motion to Rescind Income Tax Deduction. Mr. Brinson filed an Exception of Insufficiency of Service and Vagueness, which was granted on March 1, 2001. The State thereafter filed another Motion to Rescind Income Tax Deduction on March 6, 2001. In a judgment rendered on April 6, 2001, the hearing officer denied the State's motion. The hearing officer indicated in her reasons for judgment that Mr. Brinson bears more than fifty percent of the child support obligation, there were no new arrears since the last hearing, and he has a very ill child in his home. Furthermore, the hearing officer found that the benefit to Mr. Brinson outweighed any detriment to Ms. Dillashaw, who was then remarried.
Following the hearing officer's decision, the State requested a judge hearing, which was held on June 28, 2001. In a judgment signed September 26, 2001, the trial court awarded the right to claim both children as dependency deductions to Ms. Dillashaw on her state and federal income tax returns, commencing with the 2001 tax year.

ASSIGNMENTS OF ERROR
Mr. Brinson now appeals the judgment of the district court and asserts the following assignments of error:
1. Ms. Dillashaw, the moving party, bore the burden of proof on her Rule to Rescind Income Tax Deduction, and the trial court's holding that Mr. Brinson, the non-moving party, bore the burden of proof constituted manifest error.
2. The trial court committed manifest error in denying Mr. Brinson's motion for directed verdict when the State failed to present any evidence to establish that Mr. Brinson was *1156 not entitled to claim the tax dependency deduction.
3. The trial court committed manifest error in granting the State's Motion to Rescind Income Tax Deduction because the State failed to show a substantial change in circumstances occurring subsequent to the prior judgment awarding Mr. Brinson the deduction for Aleigha.

DISCUSSION
Louisiana Revised Statutes 9:315.13[1] provides in part:
A. The amounts set forth in the schedule in R.S. 9:315.14 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, the claiming of dependents for federal and state tax purposes shall be as provided in Subsection B of this Section.
B. (1) The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
(a) No arrearages are owed by the obligor.
(b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
In the instant case, Mr. Brinson, the non-domiciliary party, was awarded the tax dependency deduction for Aleigha pursuant to the February 12, 1996 consent judgment. Therefore, in moving to have the tax dependency deduction for Aleigha taken away from Mr. Brinson and awarded to Ms. Dillashaw, the State bore the burden of proving that Mr. Brinson was not entitled to the tax deduction. Based on our review of the record before us, we do not find that the trial court erred in determining that the State presented sufficient proof not only to withstand Mr. Brinson's motion for a directed verdict, but also to prove Ms. Dillashaw's entitlement to the tax deduction for both Aleigha and Brooke.
While the language of the above statute does not anticipate or directly deal with the situation where the non-domiciliary party was awarded the deduction and the domiciliary party seeks to have the deduction taken away, the basic presumption and criteria as outlined above are instructive as to what the State is required to prove in the instant case. At the hearing before the trial court, the State produced evidence not only that Mr. Brinson still had an existing arrearage on his child support obligation, which he was making payments on, but also that Ms. Dillashaw would be significantly harmed by paying substantially more in taxes if she were not awarded the tax deduction for Aleigha.
Both elements of La. R.S. 9:315.13(B)(1) must be satisfied in order for a non-domiciliary party to be entitled to the tax dependency deduction. In the instant case, on either ground, Mr. Brinson would not be entitled to the tax deduction for Aleigha as he has an existing arrearage, and significant harm to Ms. Dillashaw, as detailed above, would result if the tax deduction were not awarded to her.[2] Therefore, *1157 based on our review of the record and the trial court's findings, and the strong presumption that the domiciliary party should receive the tax dependency deductions, we do not find that the trial court erred in awarding the tax deduction for Aleigha to Ms. Dillashaw.
Additionally, we note that Mr. Brinson's assignment of error relating to the failure of the State to show a substantial change of circumstances is without merit. The requirement that a change of circumstances be shown is only applicable when an increase or decrease in an award of support is sought. See La. R.S. 9:311 and La. C.C. art. 142. In the instant case, no modification of the child support obligation is sought. Rather, the State seeks, through this nonsupport action, a determination as to the allocation of the tax dependency deduction for Aleigha. Therefore, we do not find that a showing of a substantial change of circumstances was necessary to that determination.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court and all costs of this appeal are to be borne by the appellant, Casey Joe Brinson.
AFFIRMED.
FITZSIMMONS, J., concurs and assigns reasons.
FITZSIMMONS, Judge, concurring with reasons.
I respectfully concur in the result reached by the majority. Mr. Brinson was precluded from the right to claim the federal state tax dependency deductions and any earned income credit when the motion was asserted and granted, because he owed existing arrearages in his child support obligations. La. R.S. 9:315.13 B(1)(a).
NOTES
[1] Pursuant to 2001 La. Acts 1082, La. R.S. 9:315.13 was amended and reenacted as La. R.S. 9:315.18. However, the amendments and redesignation are not applicable to the instant action.
[2] Mr. Brinson argues on appeal that because no new arrears accrued from the May 25, 2000 judgment, La R.S. 9:315.13(B)(1)(a) is satisfied. However, the language of this statute does not specify a time frame for accrual of an arrearage, but only requires that no arrearages are owed by the obligor. At the time of hearing on the above motion to rescind the income tax deduction, Mr. Brinson clearly had an existing arrearage, which he continued to make payments toward.