STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1013

STATE OF LOUISIANA
VERSUS
PATRICK LANDRY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 02J128
HONORABLE KEITH J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

MARC T. AMY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese,
Judges.

RULE RECALLED.  APPEAL MAINTAINED.

Katie Boudreaux
105 Janice Avenue
New Iberia, LA 70563
(337) 383-8900
 PLAINTIFF/APPELLANT:
    IN PROPER PERSON

Kenneth Martinez
State of Louisiana
Support Enforcement Services
Post Office Box 119
Ville Platte, LA 70586
(337) 363-6639
COUNSEL FOR PLAINTIFF:
    State of Louisiana

**Glenda Huddleston**
**Attorney at Law**
**214 E. Washington Street**
**New Iberia, LA 70563**
**(337) 365-2336**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Patrick Landry**

AMY, Judge.

This court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Katie Boudreaux, to show cause, by brief only, why the appeal in this matter should not be dismissed as premature. On September 4, 2007, this court received Appellant's response to the rule. For the reasons given herein, we hereby recall the rule and maintain the appeal.

On November 2, 2006, the trial court held a child support modification hearing. The judgment was signed on March 8, 2007. Appellant filed a motion for new trial on March 20, 2007. On March 27, 2007, the trial court wrote the words "denied without hearing" across the proposed order to show cause. On March 30, 2007, Appellant filed a motion for devolutive appeal which was granted by order signed on April 3, 2007. On April 4, 2007, a motion for new trial on behalf of the State of Louisiana was filed into the court record to which motion was attached an order reflecting that on April 3, 2007, the trial court had written "denied w/out hearing" across the order to show cause.

In *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, this court held that the notation "Denied" written across a rule to show cause order which had been attached to a motion for new trial was insufficient to satisfy the statutory requirement that a final judgment be "identified as such by appropriate language." *See* La.Code Civ.P. art. 1918. Further, this court found that the appeal in *Egle* was premature under La.Code Civ.P. art. 2087(D) because it was granted before the trial court had sufficiently disposed of the motion for new trial.

In the instant case, when the appeal was lodged in this court on August 16, 2007, it appeared that the appeal was premature because the trial court had

1

addressed the parties' motions for new trial by simply writing "denied without a hearing" across the show cause orders. However, Appellant submitted two judgments to this court when responding to this court's order that Appellant show cause why her appeal should not be dismissed as premature. These judgments reflect that on August 29, 2007, the trial court issued two new judgments denying the two motions for new trial. The judgments are each entitled "Final Judgment of Denial on Motion for New Trial." A supplemental record containing these judgments has been filed in this court. We find that the judgments of August 29, 2007 are in the appropriate form to constitute a proper judgment disposing of the motions for new trial.

Louisiana Code of Civil Procedure Article 2123(C) provides:

> An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions.

"The second sentence of this provision . . . makes it clear that the trial court's denial of a motion for new trial during the pendency of an appeal cures the defect of prematurity." *Sullivan v. Franicevich*, 04-0321 (La.App. 4 Cir. 3/9/05), 899 So.2d 602, 604 (citation omitted), *writ denied*, 05-0880 (La. 5/20/05), 902 So.2d 1051, *writ denied*, 05-0920 (La. 5/20/05), 902 So.2d 1055. The Louisiana Supreme Court has held that once a previously existing defect has been cured, there is no useful purpose in dismissing an otherwise valid appeal. *Overmier v. Traylor*, 475 So.2d 1094 (La.1985).

Accordingly, in the instant case, we find that the appeal order was granted prematurely because the trial court had not yet issued valid judgments regarding the motions for new trial, and therefore, we did not have jurisdiction over the appeal. However, we find that the trial court's subsequent issuance

of valid judgments denying the motions for new trial cured the jurisdictional defect of prematurity. As such, we find that although the appeal was premature at the time it was lodged in this court, the appeal has since been perfected and should be maintained.

**RULE RECALLED. APPEAL MAINTAINED.**