# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1013


**STATE OF LOUISIANA**

**VERSUS**

**PATRICK LANDRY**


************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 02J128
HONORABLE KEITH J. COMEAUX, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Ulysses G. Thibodeaux, Chief Judge, Sylvia R. Cooks and Jimmie C. Peters, Judges.


**REVERSED AND RENDERED.**


**Kenneth R. Martinez**
**Support Enforcement Services**
**Department of Social Services**
**Post Office Box 119**
**Ville Platte, LA 70586**
**(337) 363-6639, Ext. 0**
**COUNSEL FOR PLAINTIFF**:
        **State of Louisiana**


**Glenda Huddleston**
**Decuir & Huddleston**
**Post Office Box 12424**
**New Iberia, LA 70562**
**(337) 365-2336**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Patrick Landry**

**Katie Boudreaux**
**105 Janice Avenue**
**New Iberia, LA 70563**
**(337) 369-3111**
**IN PROPER PERSON**

PETERS, J.

Katie Boudreaux appeals that portion of a trial court child support judgment rendered against Ms. Boudreaux's former husband, Patrick Landry, awarding him the right to claim federal and state tax dependency deductions for the children affected by the support decree and restricting the means of enforcing a support arrearage judgment. For the following reasons, we reverse the trial court's award of the tax dependency deductions to Mr. Landry, award those tax deductions to Ms. Boudreaux, and reverse as premature that portion of the trial court judgment restricting the means of enforcing a support arrearage judgment.

## DISCUSSION OF THE RECORD

The record of the legal proceedings which have taken place between Ms. Boudreaux and Mr. Landry is voluminous, but the issues now before us relate only to certain basic facts, and we will restrict our review accordingly. Mr. Landry and Ms. Boudreaux were married on July 1, 1994, and divorced by judicial decree on January 17, 2003. Two children were born of that marriage: Katelyn Claire Landry, born October 5, 1994, and Benjamin Sean Landry, born October 5, 1999.

During the initial divorce proceedings, the parties entered into an interim consent judgment wherein they agreed, among other things, that Ms. Boudreaux would be named sole custodian of the children and that Mr. Landry would pay her $700.00 per month as child support, commencing on October 15, 2001. On February 1, 2002, the State of Louisiana (state) filed a motion on behalf of Ms. Boudreaux seeking to have the state exercise concurrent jurisdiction for the enforcement and collection of her child support award and to have the monthly support obligation paid directly to the Support Enforcement Division of the Department of Social Services (department). This filing resulted in a trial court order dated March 7, 2002, which

recognized the $700.00 per month obligation but reduced Mr. Landry's monthly obligation for the period from March 7 to June 5, 2002, to $400.00.[1]

On October 28, 2002, Mr. Landry filed a motion seeking reduction of his support obligation.[2] After a June 4, 2003 hearing, the trial court set Mr. Landry's monthly support obligation at $460.00, effective April 1, 2003, and further determined that Mr. Landry was $1,272.70 in arrears.[3] A motion to increase Mr. Landry's support obligation, filed by Ms. Boudreaux on May 7, 2004, resulted in a recommendation of the hearing officer that Mr. Patrick's obligation be increased to $613.00 per month. Ms. Boudreaux sought trial court review of this recommendation.

The trial court did not address Ms. Boudreaux's request for review until November 2, 2006. At the hearing held that day, neither party presented any evidence. Instead, the parties announced to the trial court that they would stipulate that Mr. Landry's support obligation should be set at $700.00 per month,[4] that the support obligation should be made retroactive to June of 2004, and that Mr. Landry should be given credit for all amounts he had paid between June of 2004 and November of 2006 against the total amount now due. However, the parties

---

[1]The order is silent as to Patrick's obligation after June 5, 2002. However, we interpret the order to mean that Patrick's obligation would again be $700.00 per month.

[2]Despite the temporary nature of the March 7, 2002 judgment, Mr. Landry asserted in his motion that his current obligation was $400.00 per month.

[3]The judgment does not specify whether Mr. Landry's arrearage was as of April 1 or June 4, 2003.

[4]According to the discussions between the trial court and the attorneys for the litigants, this compromise represented a $154.00 downward deviation from the support schedule found in La.R.S. 9:315.19. However, the judgment executed by the trial court describes the difference as only $54.00. Additionally, the discussion concerning Mr. Landry's support obligation established that his contribution of $700.00 per month would exceed fifty percent of the total support obligation owed by both parents.

2

announced to the trial court that they could not agree to the division of federal and state dependency deductions for tax purposes.[5]

The trial court accepted the stipulation with regard to the monthly support obligation, and proceeded to resolve the dispute with regards to dependency deductions in Mr. Landry's favor. The trial court ultimately signed a judgment on March 8, 2007, wherein it recognized the stipulation concerning the amount of support and the credits to be awarded. With regard to the tax dependency exemption, the judgment provided that Mr. Landry would have the right to claim the tax dependency exemption for both children so long as he owed a balance on past due child support, and that once he became current on his child support obligation, he could still claim both children in even-numbered years and one child in odd-numbered years. With regard to collection efforts for past due child support, the trial court ordered that Ms. Boudreaux and/or the state could only collect the past due obligation through the interception of federal tax refunds that might be due Mr. Landry.

Ms. Boudreaux appealed this judgment, asserting three assignments of error:

1. The trial court committed manifest error by giving the non-domiciliary parent the dependency deductions when the non-domiciliary parent was in arrears.

2. The trial court committed manifest error by giving the non-domiciliary parent the dependency deductions which significantly harms the domiciliary parent.

3. The trial court committed manifest error by collecting the arrears of child support solely through tax intercepts and not on a monthly basis.

---

[5]None of the pleadings leading up to this hearing mention this issue. However, at the hearing on the motion, both parents indicated to the trial court that each sought the full tax dependency exemptions for both children.

3

**OPINION**

The basic child support obligation owed by a parent to his or her child is normally calculated by use of the schedule found in La.R.S. 9:315.19. However, a trial court may deviate from the schedule. La.R.S. 9:315.17. With regard to the right to claim the federal and state tax dependency deductions, La.R.S. 9:315.18 provides:

> A. The amounts set forth in the schedule in R.S. 315.19 *presume* that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, the claiming of dependents for federal and state income tax purposes shall be as provided in Subsection B of this Section.
>
> B. (1) The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a *contradictory motion*, the judge finds both of the following:
>
> (a) No arrearages are owed by the obligor.
>
> (b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
>
> . . . .
>
> C. The party who receives the benefit of the exemption for such tax year shall not be considered as having received payment of a thing not due if the dependency deduction allocation is not maintained by the taxing authorities.

(Emphasis added.)

In finding merit in Ms. Boudreaux's first assignment of error, we first note that this issue only arose in the pretrial negotiations and was never addressed in pleadings. Thus, Mr. Landry never requested a contradictory hearing on this issue as required by La.R.S. 9:315.18(B)(1). Additionally, even assuming that the statements made by opposing sides in effecting the compromise of the support amount and the retroactive nature thereof could reasonably be considered a contradictory hearing, Mr. Landry

4

failed in his burden of proof. Specifically, in the stipulation, Mr. Landry acknowledges that he was in arrearage to some degree.[6] Given the presumption of La.R.S. 9:315.18(A) and Mr. Landry's failure to overcome that presumption by establishing that he was not in arrears, as required by La.R.S. 9:315.18(B)(1)(a), we find that the trial court erred in awarding Mr. Landry the tax dependency deductions. Because we find that Ms. Boudreaux's first assignment of error has merit, we need not consider her second assignment of error.

We also find that the trial court erred in limiting the arrearage collection methods to tax refund intercepts, but not for the reasons raised in the assignment of error. Louisiana Code of Civil Procedure Article 1841 provides in pertinent part that "[a] judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." Additionally, La.Code Civ.P. art. 3946(A) provides that

> When a payment of support under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due support determined and made executory. On the trial of the contradictory motion, the court shall render *judgment for the amount of past due support.*

(Emphasis added.)

In the matter now before us, the amount of past due support has not been reduced to judgment. Thus, any consideration of limitations on the execution of judgment is premature. Therefore, the trial court erred in effecting the limitation. We note that, in finding that the trial court's ruling is premature, we do not reach the issue of whether the trial court has authority to preclude Ms. Boudreaux or the state from

---

[6]No specific amount of arrearage was stipulated to. However, the fact that the parties agreed that Mr. Landry was to be given credit against what he owed for past months against that which he had paid during those months was evidence of an arrearage against which he presented no evidence to counter.

using the collection vehicles available to them in collecting past due child support awarded by judgment.[7]

## DISPOSITION

For the foregoing reasons, we reverse that portion of the trial court judgment awarding Patrick Landry the federal and state tax dependency deductions and award those dependency deductions to Katie Boudreaux. We further reverse that portion of the trial court judgment prohibiting Katie Boudreaux and/or the State of Louisiana from collecting any past due child support judgment owed by Patrick Landry by any means other than by federal tax refund intercepts. We assess all costs of this appeal to Patrick Landry.

**REVERSED AND RENDERED.**

---

[7]In addition to the remedies provided to judgment creditors in the execution of judgments as found in La.Code Civ.P. art. 2251 *et seq*., special collection vehicles have been established by statute to assist in the collection of past due child support. *See* La.R.S. 9:315.26 (seizure of federal tax refunds); La.R.S. 9: 315.30 *et seq*. (judicial suspension of licenses which otherwise authorize an individual to drive a vehicle, hunt or fish, or participate in his or her profession or business); La.R.S. 9: 315.40 *et seq.* (administrative suspension of licenses which otherwise authorize an individual to drive a vehicle, operate a motorboat or sailboat, hunt or fish, or participate in his or her profession or business).