998 So.2d 837 (2008)
STATE of Louisiana, DEPT. OF SOCIAL SERVICES, Office of Family Support, In The Interest of the Minor Child, O.M.H., Plaintiff-Appellant,
v.
Cipriano CRUZ, Defendant-Appellee.
No. 43,861-JAC.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
*838 Robert Randall Smith, Assistant District Attorney, for Appellant.
Ginger Johnson & Associates by Ginger Johnson, Shreveport, for Appellee.
Before BROWN, PEATROSS & MOORE, JJ.
PEATROSS, J.
In this ongoing State-initiated support case, the district court affirmed the recommendation of the hearing officer who awarded the non-domiciliary father, Cipriano Cruz, the right to claim the federal and state income tax dependency deduction for calendar year 2009 and odd years thereafter. The State appeals on the sole basis that a contradictory hearing was not conducted as required by La. R.S. 9:315.18, infra. Finding merit in the State's argument, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

FACTS
Mr. Cruz is the biological father of the minor child O.M.H., who is now 13 or 14 years of age. This suit was originally filed in 1999 by the State, through the Department of Social Services, to determine paternity and child support pursuant to La. R.S. 46:236.1.1, et seq., infra. On February 25, 2008, Mr. Cruz filed a rule seeking entitlement to the federal and state income tax dependency deduction. Mr. Cruz is not in arrears in his child support obligation and has never claimed the federal and state income tax dependency deduction. To date, Ms. Herzog, the biological mother, who is working as a substitute teacher and plans to gain her teaching certification, has enjoyed the deduction.
A hearing was set for May 6, 2008. Mr. Cruz presented argument at the hearing as well as having the hearing officer peruse an apparent child support worksheet. While reference to this worksheet is made in the record, it was not introduced into evidence at the hearing. There was no evidence adduced, except for two questions asked by the hearing officer regarding custodianship of the records and state assistance to Ms. Herzog. The hearing *839 officer then awarded the deduction to Mr. Cruz for the year 2009 and odd years thereafter. The State filed an exception to the recommendation and the matter was set for hearing in the district (juvenile) court on May 27, 2008. The State argued that no evidence was presented at the May 6 hearing to show that the dependency deduction would result in a substantial benefit to Mr. Cruz as the non-domiciliary parent without causing significant harm to Ms. Herzog, the domiciliary parent, under La. R.S. 9:315.18. The trial judge affirmed the recommendation of the hearing officer. This appeal ensued.

DISCUSSION
On appeal, the State assigns the following error/issue (verbatim):
The hearing officer and the district court failed to apply the provisions of LRS (sic) 9:315.18 by requiring evidence to be produced. No evidence was produced showing a substantial benefit to the defendant without a significant detriment to the domiciliary parent on the issue of the tax dependency deduction.

Proper Party
In response to the appeal, Mr. Cruz argues in brief that the State does not have standing to challenge the award of the dependency deduction. Since this issue is raised for the first time on appeal, this court would not ordinarily review it. See Smith v. Boothe, 28,065 (La.App.2d Cir.2/28/96), 669 So.2d 682, writ denied, 96-0821 (La.5/10/96), 672 So.2d 928. In light of the scant jurisprudence on this issue, however, we are inclined to address, and express our disagreement with, the argument of Mr. Cruz.
As stated, this action originated as an action to establish paternity and child support under La. R.S. 46:236.1.1, et seq. Following revisions in 2003, that statute is now La. R.S. 46:236.1.2, which provides, in pertinent part:
A. The department is hereby authorized to develop and implement a program of family support in FITAP cases, Title IV-E Foster Care cases, Medicaid only cases, and any other category of cases to which the state is required by federal law or regulation to provide services, designed to do the following:
(1) Enforce, collect, and distribute the support obligation owed by any person to his child or children and to his spouse or former spouse with whom the child is living if a support obligation has been established with respect to such spouse or former spouse.
* * *
(3) Establish paternity.
(4) Obtain and modify family and child support orders.
This statute creates a separate and distinct cause of action in favor of the department (State) and suits brought under this provision need not be ancillary to or dependent on any other legal proceeding. State v. Hawkins, 41,646 (La.App.2d Cir.12/20/06), 946 So.2d 305. In such proceedings, courts utilize the child support guidelines and related statutes in determining the outcome of matters initiated under this provision.
The child support guidelines contain a specific provision, La. R.S. 9:315.18, for determining the allotment of the income tax dependency deduction. Accordingly, as this court recognized in Hawkins, supra, it is foreseeable for a dispute concerning entitlement to the dependency deduction to arise in a separate and distinct action for determination of child support initiated by the State such as the one in the case sub judice. In Hawkins, we noted that it would seem more appropriate *840 for the parent seeking entitlement to the deduction to name the other parent as a party defendant in such an action; and, in Hawkins, the opposing parent intervened, thereby removing the issue from consideration.[1] This court acknowledged, however, that the matter could arise without the non-moving parent participating, but declined to opine on the efficacy of such a situation. In the instant case, we find significant that Mr. Cruz filed his rule in the same action initiated by the State and did not institute a separate action against Ms. Herzog. We find, therefore, that the State was a proper party to oppose the rule and there was no error in allowing the State to defend the same. See also State ex rel. Dillashaw v. Brinson, 02-0896 (La. App. 1st Cir.4/2/03), 843 So.2d 1154. We now turn to the issue raised by the State's assignment of error regarding the contradictory hearing as required by La. R.S. 9:315.18.

Contradictory Hearing
The right of a party to claim the federal and state income tax dependency deduction is governed by La. R.S. 9:315.18, which provides, in pertinent part, as follows:
A. The amounts set forth in the schedule in R.S. 9:315.19 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, the claiming of dependents for federal and state income tax purposes shall be as provided in Subsection B of this Section.
B. (1) The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
(a) No arrearages are owed by the obligor.
(b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party. (Emphasis added.)
Under the statute, there is a strong presumption in favor of the custodial or domiciliary parent maintaining the dependency exemption. See State v. Landry, 07-1013 (La.App. 3rd Cir.1/30/08), 975 So.2d 157. In order for a non-custodial party to be awarded the dependency deduction, the party must request a contradictory hearing. Id. La. R.S. 9:315.18 sets forth a strict standard, Hawkins, supra; and, at the hearing, both elements of La. R.S. 9:315(B)(1) must be satisfied in order for the non-domiciliary parent to be entitled to the tax dependency deduction. Harrington v. Harrington, 43,373 (La. App.2d Cir.8/13/08), 989 So.2d 838, citing State ex rel. Dillashaw v. Brinson, supra.
In the case sub judice, Mr. Cruz filed the rule, requested and was granted a hearing date. On May 6, 2008, at the hearing before the hearing officer, counsel for Mr. Cruz provided brief argument to the court. As previously stated, the record references a child support worksheet which was not introduced into evidence and the only testimony adduced was the questioning by the hearing officer regarding the records and state assistance to Ms. Herzog. When the hearing was concluded, the hearing officer awarded Mr. Cruz the deduction in alternating years. The State *841 then filed an exception to the recommendation of the hearing officer, and the hearing was held on May 27, 2008. There was no additional evidence adduced at the May 27 hearing. The following scant colloquy is found in the transcript of the May 27 hearing:
THE COURT: So you're saying that she ought to get it every year, is what you're telling this Court, is that right?
COUNSEL FOR THE STATE: Very definitely.
THE COURT: All right.
COUNSEL FOR THE STATE: Unless there is a hearing and it is shown under 9:315.18, that it is a benefit to him without it being a detriment to the custodial parent.
THE COURT: I don't see the Court going through that, the Hearing Officer's recommendation is affirmed.
As stated, La. R.S. 9:315.18 places an affirmative burden of proof on Mr. Cruz in this case to produce evidence that his claiming the dependency deduction would substantially benefit him without significantly harming Ms. Herzog as the domiciliary parent. No such evidence was produced by Mr. Cruz. The trial court erred in failing to conduct a hearing and in not requiring evidentiary proof as set forth in the statute. We decline to hold that Mr. Cruz is not entitled to claim the deduction, but, rather, remand the matter with instructions to the trial court to conduct a contradictory hearing as required by La. R.S. 9:315.18.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against Appellee, Cipriano Cruz.
REVERSED AND REMANDED.
NOTES
[1] Mr. Cruz named Ms. Herzog as defendant-in-rule. The record indicates that Ms. Herzog does not challenge the award of odd-year deductions to Mr. Cruz.