FREDERICKA HOMBERG WICKER, Judge.
 

 [2In this child support matter, Lakesha Martin appeals a judgment of the trial court awarding Ronald Mason the right to claim federal income tax dependency deductions for their two children. Ms. Martin specifies three errors to the proceedings below: (1) the trial court erred in refusing to admit certain proffered exhibits into evidence, (2) the trial court erred in awarding Mr. Mason the right to claim federal income tax dependency deductions for their two minor children, and (3) the trial court erred in denying her motion for new trial. Because we find that Mr. Mason failed to carry his burden of proving that he was not in arrears at the time he sought the child dependency tax deduction and further that he failed to carry his burden of proving that the deductions would substantially benefit him and would not substantially harm Ms. Martin, we reverse the judgment of the trial court awarding the deduction.
 

 FACTS AND PROCEDURAL HISTORY
 

 Mr. Mason and Ms. Martin are the biological parents of Sigorney Martin |aand Ronald Martin. Sigorney Martin was born on October 17,1991.
 
 [1]
 
 Ronald Martin was born on July 8, 1993. Mr. Mason and Ms. Martin never married, however, Mr. Mason has been paying Ms. Martin child support since 1994.
 

 By consent judgment dated February 9, 1994, Mr. Mason agreed to pay Ms. Martin $69.00 monthly in child support. Mr. Mason’s child support obligation has been changed several times since 1994. By order dated September 11, 1997, Mr. Mason’s monthly child support obligation was set at $408.85 per month, effective September 30,1997.
 

 On August 17, 2007 the State of Louisiana Department of Social Services filed a Motion to Modify Child Support on behalf of Ronald Martin and Sigorney Martin. On October 25, 2007, a hearing officer conference occurred. Both Mr. Mason and Ms. Martin attended the October 25 conference. After the conference, the hearing officer recommended an increase in child
 
 *746
 
 support in the amount of $338.05 per month retroactive to August 17, 2007. The recommendation was silent as to the state and federal income tax deductions for Ronald Martin and Sigorney Martin. The trial court made the hearing officer’s recommendation the order of the court that same day. The trial court also ordered that Mr. Mason’s arrears be made executo-ry and that the arrears be collected by the LASES collection system.
 
 [2]
 
 That order contains no mention of which parent was entitled to claim the dependency deductions for Sigorney Martin and Ronald Martin.
 

 On September 26, 2008, Mr. Mason filed a Motion to Modify Judgment. In the Motion, Mr. Mason requested that he be awarded the tax dependency deductions for Sigorney Martin and Ronald Martin for calendar year 2007 and thereafter based upon his payment of more than 50% of the parties’ child support obligation. Mr. Mason further contended in the Motion that on October 25, 2007 |4he was advised that he would be allowed to claim Sigorney Martin and Ronald Martin as dependents on his 2007 and 2008 federal and state income tax forms because he had no arrears at the time and he was paying over 66% of the childrens’ support. Mr. Mason claimed that the trial court inadvertently failed to award him the 2007 and the 2008 tax deductions.
 

 The September 26 Motion to Modify Judgment was heard before a hearing officer on October 23, 2008. Ms. Martin was not present at the hearing on October 23, 2008. Apparently, Ms. Martin was not served with notice of the October 23 hearing. The hearing officer recommendation signed after the October 23, 2008 hearing stated that Mr. Mason would be allowed to claim Sigorney Martin and Ronald Martin as dependents on his 2008 tax return. The recommendation made no mention of Mr. Mason’s 2007 tax return.
 

 Mr. Mason filed a second Motion to Modify Judgment on November 25, 2008. In the November 25, 2008 motion, Mr. Mason contended that the trial court inadvertently failed to state in its October 23, 2008 order that he would be allowed to claim Sigorney Martin and Ronald Martin as dependents on his 2007 tax return. The hearing on the November 25 Motion to Modify Judgment was held on January 22, 2009. The hearing officer recommendation signed after the January 22 hearing stated that Mr. Mason would be allowed to claim Sigorney Martin and Ronald Martin as dependents on his 2007 and 2008 tax returns. Ms. Martin was not present at the January 22 hearing. Apparently, Ms. Martin was again not served with notice of the hearing.
 

 Ms. Martin thereafter filed a Motion for New Trial, to Modify Child Support, and to Lift Posting Hold.
 
 [3]
 
 In her motion for new trial, Ms. Martin requested a new trial on the January 22, 2009 judgment and the October 23, 2008 | judgment because she alleged that she had not received notice of the signing of both judgments. She fur
 
 *747
 
 ther objected to the awards of the tax deductions to Mr. Mason, alleging that Mr. Mason was in arrears at all relevant times and that Mr. Mason failed to prove that the tax deductions would substantially benefit him without significantly harming her, particularly with regard to Sigorney Martin’s eligibility for a Pell Grant. Ms. Martin also sought extraordinary expenses for Ronald Martin’s tutoring costs. On May 4, 2009, the trial court granted the motion for new trial and rescheduled a hearing on Mr. Mason’s Motion to Modify Judgment.
 

 The rescheduled hearing officer conference took place on May 21, 2009. At the conclusion of the hearing, the hearing officer recommended that Ronald Mason be granted the 2007 and 2008 tax deductions and that Ms. Martin’s rule to increase support be denied. Ms. Martin objected, accordingly, a Disagreement Hearing was set.
 

 The Disagreement Hearing took place before the trial court on September 14, 2009. At the hearing, Mr. Mason did not seek to introduce evidence that he was not in arrears or that the income tax deductions would substantially benefit him without harming Ms. Martin. Mr. Mason did not testify, nor did he call any witnesses or introduce any evidence. Counsel for Ms. Martin contended in oral argument on the record that Mr. Mason was not entitled to the income tax deductions because he was in arrears and because he could not prove that the dependency deduction would significantly benefit him without harming Ms. Martin. Counsel argued that Sigourney Martin was attending Delgado Community College and would lose an opportunity for a Pell Grant if Ms. Martin was not allowed to claim her as a dependent. Counsel for Ms. Martin also noted that both Ms. Martin and Mr. Mason had taken the income tax dependency deductions for Sigourney Martin and Ronald Martin for 2007 and 2008. Counsel for Ms. Martin also contended that Mr. Mason was in arrears. In an attempt to prove that Mr. |fiMason was in arrears, counsel endeavored to introduce into evidence Exhibit 1, a child support arrears calculation that she had prepared personally. According to this arrears calculation, Mr. Mason was $2,027.30 in arrears at the time of the hearing. Counsel for Ms. Martin also attempted to introduce Exhibit 2 into evidence. Exhibit 2 consisted of LASES reports which counsel argued proved that her arrears calculation in Exhibit 1 was accurate.
 

 John Fitzmorris, the assistant district attorney representing the State of Louisiana’s interest in this matter, objected to the introduction of Exhibits 1 and 2. Counsel for Mr. Mason additionally objected to Exhibit 2 as being self-serving. Mr. Fitz-morris admitted that the LASES reports were inaccurate and that he was viewing the forms for the first time. Counsel for Ms. Martin pointed out that each time the parties came to court, Mr. Fitzmorris had stated that he would have the LASES reports audited. Mr. Fitzmorris thereafter calculated Mr. Mason’s arrears aloud in open court, attempting to give the court what he said were the accurate figures due to inaccuracies in the LASES reports.
 

 Mr. Fitzmorris ultimately concluded that Mr. Mason was approximately $693.00 in arrears at the time of the hearing. The assistant district attorney stated that the arrearage was due to several mistakes in the LASES system. The trial court refused to admit Ms. Martin’s arrears calculation pointing out the inaccuracies in the LASES reports into evidence. Neither the assistant district attorney, nor counsel for Mr. Mason attempted to introduce the LASES reports nor Mr. Fitzmorris’s arrears calculation into evidence. The trial court allowed Ms. Martin to proffer her
 
 *748
 
 arrears calculations and the LASES reports.
 

 Mr. Fitzmorris was not under oath. He did not actually give testimony, rather, he merely announced his oral calculations in open court. Ms. Martin was the only witness to testify at the Disagreement Hearing. She testified only on the subject of extraordinary expenses attendant to Ronald Martin’s learning needs. The only exhibits that were introduced into evidence by counsel for Ms. Martin 17were relevant to that issue.
 

 At the conclusion of the September 14 hearing, the trial court ruled that Mr. Mason would be allowed to claim Sigorney Martin and Ronald Martin as dependents on his 2007 tax return and his 2008 tax return. The trial court agreed that Mr. Mason was in arrears, but stated that any arrearages were due to miscalculations made by the LASES arrearage calculation system. The trial court took into consideration Mr. Fitzmorris’s calculations recited orally in open court.
 

 Ms. Martin thereafter filed a motion for new trial. In the second motion for new trial, Ms. Martin argued that allowing Mr. Mason to claim Sigorney Martin and Ronald Martin as dependents on his 2007 tax return and his 2008 tax return constituted a retroactive child support award in violation of La. R.S. 9:315.21(C) and that Mr. Mason failed to meet his burden of proof under La. R.S. 9:315.18(B). The trial court denied the motion on September 25, 2009.
 

 This timely appeal followed.
 

 STANDARD OF REVIEW
 

 The trial court’s decision whether to award a non-domiciliary parent dependent tax deductions is subject to the manifest error/clearly wrong standard.
 
 See, e.g., Neill v. Neill,
 
 33,398 (La.App. 2 Cir. 6/21/00), 764 So.2d 235, 238 (“[w]e find no error in the trial court’s allocation of the tax deductions to [the domiciliary parent].”). The manifest error/clearly wrong standard authorizes an appellate court to reverse a trial court’s factual finding only if it finds from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong.
 
 Stobart v. State, Dep’t of Transp. and Dev.,
 
 617 So.2d 880, 882 (La.1993). This standard requires that the reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding; rather, the reviewing court must review the entire record to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.
 
 Id.
 

 |sAW ARP OF DEPENDENT DEDUCTIONS
 

 We will consider this specification of error first because there we find merit in the specification.
 

 As a general rule, the court determines a basic child support obligation amount from the schedule found in La. R.S. 9:315.19 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding. The amounts set forth in the schedule in La. R.S. 9:315.19 “presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit.” La. R.S. 9:315.18(A). However, the non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation is entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
 

 (a) No arrearages are owed by the obli-gor
 

 
 *749
 
 (b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
 

 La. R.S. 9:315.18(B).
 

 The party seeking to have the dependent deduction taken away from a domiciliary parent has the burden of proving that no arrearages are owed and that it would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
 
 State ex rel. Dillashaw v. Brinson,
 
 2002-0896 (La.App. 1 Cir. 4/2/03), 843 So.2d 1154, 1156.
 

 In order to prove that he was not in arrears, it was incumbent upon Mr. Mason to introduce the LASES documents into evidence to prove that he was current in his support payments at the time he was seeking the tax deductions. He did not do so.
 

 At the September 14, 2009 hearing, counsel for Ms. Martin attempted to introduce the LASES reports into evidence. However, the state objected when Ms. |9Martin attempted to introduce the LASES documents in connection with her case to prove that Mr. Mason was in arrears and therefore ineligible to claim the tax deduction. The assistant district attorney had previously prepared his own arrears calculations based upon the LASES documents, however, he did not attempt to introduce either the LASES reports or testimony regarding his calculation of Mr. Mason’s arrears into evidence. While assistant district attorney Fitzmorris argued to the judge that any arrears were due to errors in the state system, not to Mr. Mason’s intentional failure to pay, there was no testimony to this effect, merely oral argument, which, of course, is not evidence.
 
 Maurice v. Prudential Ins. Co.,
 
 02-0993 (La.App. 4 Cir. 10/23/02), 831 So.2d 381, 386.
 

 Moreover, at no point in the September 14, 2009 proceedings did counsel for Mr. Mason make an attempt to introduce the LASES reports or testimony that Mr. Mason was not in arrears or that any arrears were attributable to inaccuracies in the state system. No party introduced the LASES reports or testimony relative thereto into evidence at the September 14, 2009 hearing. These documents and/or this testimony were clearly relevant and material, indeed essential to the question of whether Mr. Mason was or was not in arrears at the time of the hearing and therefore eligible to claim the tax deductions.
 

 Evidence not properly and officially offered and introduced cannot be considered on appeal, even if the evidence is physically placed in the record.
 
 See, e.g., Ray Brandt Nissan v. Gurvich,
 
 98-634 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, 476. Argument is not evidence.
 
 Maurice,
 
 831 So.2d at 386. Appellate courts are courts of record and must limit their review to evidence in the record before them. La. C.C.P. art. 2164;
 
 Hover v. Farber,
 
 05-613 (La.App. 5 Cir. 1/31/06), 922 So.2d 637, 638. In this case, because neither were the LASES documents introduced into evidence nor, alternatively, was testimony taken under oath as to the arrearage questions, the ruling of the trial court at the September 14, 2009 | shearing was erroneous because there was no evidentiary foundation for the judgment.
 

 We additionally find that Mr. Mason did not meet his burden of proving that the state and federal income tax deductions would substantially benefit him without substantially harming Ms. Martin. Mr. Mason presented neither sworn testimony nor introduced exhibits such as his 2007 and 2008 tax returns and those of Ms.
 
 *750
 
 Martin. We therefore cannot discern from the record whether the tax deductions would substantially benefit Mr. Mason or whether the tax deductions would substantially harm Ms. Martin.
 
 Compare Warlick v. Warlick,
 
 27,389 (La.App. 2 Cir. 9/29/95), 661 So.2d 706, 712 (holding that the trial court did not err in awarding deductions to nondomiciliary parent, who paid substantial child support, was in higher tax bracket than domiciliary parent, and would need dependency deductions to maintain her paying ability);
 
 Folse v. Folse,
 
 2001-0946 (La.App. 1 Cir. 5/10/02), 818 So.2d 923, 926 (finding that the trial court did not err in awarding deductions to the nondomiciliary parent when “[t]he record supports the benefit of the deductions to [nondomicili-ary parent] and shows no significant, if any, harm to [domiciliary parent]” because the domiciliary parent’s “only income was from Social Security benefits ... and [she] had not filed any income tax returns for three years because she had no tax liability.”).
 

 Accordingly, we reverse the judgment of the trial court. We will pretermit discussion of Ms. Martin’s remaining specifications of error.
 

 CONCLUSION AND DECREE
 

 For the foregoing reasons, the judgment of the trial court is reversed. Mr. Mason is taxed with the costs of this appeal.
 

 REVERSED.
 

 [1]
 

 . Sigorney Martin attained the age of majority on October 17, 2009.
 

 [2]
 

 . According to the Louisiana Department of Social Services website, LASES is an acronym for "Louisiana Automated Support Enforcement System.” It is "is a computer system designed to support the administration and implementation of Louisiana's [child support] program.” See http://stellent.dss.state. la.us/LADSS/getContent?id=63726 & rendition=Web & mimeType=application/pdf & noSaveAs=true. (last visited April 1, 2010).
 

 [3]
 

 . After Ms. Martin failed to appear at the January 22 hearing, the court placed a hold on "any future outgoing support.” The January 22 minute entry indicates that the hold was to remain in effect until Ms. Mason provided Mr. Mason with copies of Sigorney Martin and Ronald Martin's birth certificates and social security numbers.