THIBODEAUX, Chief Judge,
dissenting in part.
hi disagree that Robert is entitled to claim one of the three children as a dependent on his tax return. Louisiana Revised Statutes 9:315.18(A) states that it is a presumption in Louisiana that the domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. The statute provides that a non-domiciliary party, such as Robert, could claim the tax deductions under the following circumstances:
B(l) The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
(a) No arrearages are owed by the obligor.
(b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
La.R.S. 9:315.18.
This court has held that an allocation of tax exemptions to a non-custodial parent is a deviation from child support guidelines for which the trial judge must give written reasons. Greene v. Greene, 93-789 (La. App. 3 Cir. 3/2/94), 634 So.2d 1286, amended 638 So.2d 1245. Moreover, the fifth circuit recently held that 12“the party seeking to have the dependent deduction taken away from a domiciliary parent has the burden of proving that no arrearages are owed and that it would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.” State Dep’t. of Soc. Servs. v. Mason, 09-1088, p. 8 (La.App. 5 Cir. 6/29/10), 44 So.3d 744, 749 (citing State ex rel. Dillashaw v. Brinson, 02-896 (La.App. 1 Cir. 4/2/03), 843 So.2d 1154).
Here, Robert’s child support contribution is greater than fifty percent, and the record indicates that he is not in arrearag-es on his obligations. Thus, the issue of tax deductions hinges on whether awarding the deduction to Robert would help Robert without significantly harming Wendy. It was incumbent on Robert to introduce evidence showing that the state and federal income tax deductions would substantially benefit him without substantially harming Wendy. He did not. Robert neither presented sworn testimony nor introduced exhibits such as his tax returns. In contrast, Wendy offered both the sworn testimony of her accountant as well as detailed tax scenarios showing the harm caused to Wendy by the award of the tax deductions to Robert. While the trial court articulated that evidence existed that established that allocation of one deduction to Robert would not significantly harm Wendy, I find that the record is devoid of *1086 such evidence. Thus, I would reverse the trial court’s award of the tax deduction of Alaina Hagan to Robert Hagan.
For the foregoing reasons, I respectfully dissent in part.